PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE of ANNIE EARLE, deceased,

                                                                                  Case No.:    3:  14-cv-29536

    Plaintiff,

v

CITY OF HUNTINGTON, d/b/a CITY OF
HUNTINGTON POLICE DEPARTMENT,
a municipal corporation; JOSH NIELD,
individually and in his official capacity;
ST. MARY'S MEDICAL CENTER, INC., d/b/a
ST. MARY'S MEDICAL CENTER,
CABELL COUNTY 911, CABELL COUNTY COMMISSION,
TED GRANT, individually and in his official capacity,
PATRICK WATKINS, individually and in his official capacity,

    Defendants.

## COMPLAINT

    Comes now Lumumba Earle, individually and as the Personal Representative of the Estate Of Annie Earle and states as follows:

## INTRODUCTION

1.     This case arises out of the wrongful death of sixty-six year old ANNIE EARLE at the hands of CITY OF HUNTINGTON Police Officers during the evening of January 11, 2014.

## JURISDICTION

2.     This action is brought pursuant to Title 42 of the United States Code, § 1981, 1983 and 1985 and the Fourth and Fourteenth Amendments to the United States

Constitution. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331, 1343 and 1367.

3. The unlawful acts and practices alleged herein occurred in the CITY OF HUNTINGTON, County of Cabell, West Virginia, which is within this judicial district.

## PARTIES

4. Plaintiff LUMUMBA EARLE, individually and as the Personal Representative of THE ESTATE of ANNIE EARLE, is a citizen of the United States, a citizen of the State of West Virginia, and a resident of Cabell County, West Virginia.

5. Plaintiff, THE ESTATE ANNIE EARLE (hereinafter referred to as Annie Earle), appears by and through its representative LUMUMBA EARLE, and may maintain causes of action and recover damages for the value of decedent's life and decedent's pain and suffering.

6. Defendant CITY OF HUNTINGTON is and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of West Virginia.

7. Defendant CITY OF HUNTINGTON POLICE DEPARTMENT, is a political subdivision of the City of Huntington and is a municipal entity organized and created pursuant to the laws of the State of West Virginia. Along with the City of West Virginia, the City of Huntington Police Department is responsible for the policies, practices and customs of the Huntington Police Department as well as the hiring, training, supervising, controlling and disciplining of its police officers and other employees.

8. JOSH NIELD, is employed as a police officer for the CITY OF HUNTINGTON POLICE DEPARTMENT, and is sued individually and in his capacity as a police officer. By engaging in the conduct described herein, Nield exceeded the authority vested in him

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750  fax (248) 353-2253

2

as a police officer under the United States Constitution and as an employee of the City of Huntington and its Police Department. Upon information and belief, Nield is also an employee of ST. MARY'S MEDICAL CENTER.

9. ST. MARY'S MEDICAL CENTER, INC., at all times relevant to this action, was and is a corporation registered with the WV Secretary of State , authorized to do business in this State, and doing business in Huntington, Cabell County, West Virginia.

10. Defendant CABELL COUNTY COMMISSION is and at all times herein mentioned, a political subdivision organized and existing under the laws of the State of West Virginia.

11. Defendant CABELL COUNTY 911, is a sub entity of the Cabell County Commission and is a political subdivision organized and created pursuant to the laws of the State of West Virginia. Along with the Cabell County Commission, Cabell County 911 is responsible for the policies, practices and customs of its employees as well as the hiring, training, supervising, controlling and disciplining of its employees.

12. Defendants Ted Grant and Patrick Watkins are/were emergency dispatchers and are co-employed by the Cabell County Commission and Cabell County 911.

13. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, false arrest, and wrongful search/seizure. Each defendant is liable for their personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

14. In doing the acts alleged herein, Defendants acted within the course and scope of their employment.

15. Due to the acts and/or omissions alleged herein, Defendants acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

16. At all relevant times herein, each defendant acted under color of laws, statutes, ordinances, policies, practices, customs and usages of the City of Huntington, State of West Virginia, or the City of Huntington Police Department.

17. The amount in controversy exceeds $75,000.00 exclusive of interests, costs, and fees.

## COMMON ALLEGATIONS

18. Plaintiff hereby restates and re-alleges the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19. Decedent Annie Earle was a resident of Huntington, West Virginia on January 11, 2014.

20. Annie Earle presented at St. Mary's Medical Center Emergency Room on January 10, 2014 for a facial laceration, sustained at the home of her daughter, Angela Earle.

21. While being treated for her injury, the staff at St. Mary's Medical Center began a mental hygiene assessment, and filed a mental hygiene petition to detain Annie Earle, which was denied.

22. After sitting in the St. Mary's Medical Center Emergency Room for 18 hours, Annie Earle left the hospital and returned home via her therapist, Donna White. Donna

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

White then left to pick up dinner for Annie Earle. Upon returning within the hour, Ms. White found Annie Earle was no longer home.

23. Annie Earle had left her apartment, and was soon stopped by Huntington Police Officers, who illegally seized her, and forced her to return to St. Mary's Medical Center Emergency Room, even though no mental hygiene order had been issued.

24. Unbeknownst to Ms. Earle, employees of St. Mary's Medical Center had called the police to have them return to the hospital. St. Mary's made this request even though it knew the Mental Hygiene petition was denied at it had no authority to demand the return of Ms. Earle.

25. Upon St. Mary's Medical Center informing the Defendant Huntington Police Department Officers that no mental hygiene order had ever existed, officers recognized their illegal seizure of Annie Earle and understood she could not be held at St. Mary's.

26. Further compounding the problem was the Cabell County Commission, Cabell County 911, Ted Grant and/or Patrick Watkins reckless behavior.

27. Upon information and belief, Ted Grant or Patrick Watkins was working as a 911 operator on this evening. One of them was contacted by an unknown HPD officer that inquired if a Mental Hygiene Order was in effect for Annie Earle.

28. Although the Mental Hygiene Order had already been denied, the 911 operator informed the HPD officer that, in fact, a Mental Hygiene Order was in effect for Annie Earle.

29. Although the HPD officer should have verified the order's validity, this extremely reckless and intentional behavior by the 911operator contributed to the illegal apprehension of Annie Earle.

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

30.  Annie Earle was approved for discharge as there was no psychological reason for detaining her at the hospital.

31.  Upon her release, a verbal and physical altercation arose between unarmed Annie Earle and Officer Nield.

32.  During the altercation, Officer Nield slammed Annie Earle to the floor, fracturing her ribs and compressing her thorax resulting in a punctured heart and her death.

COUNT I – UNLAWFUL SEARCH AND SEIZURE
(Against Defendant Nield)

33.  Plaintiff hereby restates and re-alleges the allegations contained in paragraphs 1 through 32 as through fully set forth herein.

34.  At all relevant times, Defendants were a state actor for purposes of 42 USC § 1983 and were acting under color of law at the time they deprived Plaintiff of her constitutional rights as set forth herein.

35.  The *Fourth Amendment* to the U.S. Constitution guarantees Plaintiff a clearly established right to be free from a search and seizure without probable cause and Defendants knew that Plaintiff had such a clearly established right at all times.

36.  Defendant Neild, exercising his position of authority and acting under the color of state law in his capacity as a public officer and representative of the City of Huntington and Huntington Police Department conducted a search and/or seizure when Defendant Officers apprehended Annie Earle and placed her in custody without any probably cause for doing so.

37.  Defendant Nield, exercising his position of authority and acting under the color of state law in his capacity as a public officer and representative of the City of Huntington and Huntington Police Department unlawfully subjected Annie Earle to wrongful search

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

and/or seizure when he forced Annie Earle into his police vehicle and brought her to St. Mary's Medical Center.

38. As a direct and proximate result of Defendants' violation of Plaintiff Annie Earle's clearly established federal rights, Plaintiff seeks to recover damages to compensate for following injuries that Annie Earle suffered, including, but not limited to:

  a. Unlawful detention at St. Mary's Medical Center;

  b. Fear, emotional distress, embarrassment, humiliation, anxiety, anger, loss of the enjoyments of life;

  c. Fractured ribs, lacerations to the heart;

  d. Death.

39. In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 USC § 1988 the attorneys' fees and costs incurred during the course of this litigation.

40. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendants' applicable insurance coverage.

COUNT II – EXCESSIVE USE OF FORCE
(Against Defendant Nield)

41. Plaintiff hereby restates and re-alleges the allegations contained in paragraphs 1 through 40 as though fully set forth herein.

42. Defendant Officer Neild, exercising his position of authority and acting under the color of state law in his capacity as a public officer and representatives of the City of Huntington and Huntington Police Department unlawfully subjected Annie Earle to

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

excessive and unnecessary force when, (1) encountering minimal resistance from decedent Annie Earle at St. Mary's Medical Center, (2) responding to the minimal resistance posed by Annie Earle with physical force and violence, (3) as Defendant Officer, without proper training or experience, slammed Annie Earle to the ground, and (4) as a result, Defendant Officer fractured Annie Earle's ribs, lacerating her heart, killing her.

43. Decedent Annie Earle was at no time posing any threat to Defendant Officers or any other person, nor was she attempting to escape or attack officers when she was violently slammed to the ground.

44. The physical assault on Decedent Annie Earle by Defendant Officers was in violation of her constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.  As a direct and proximate result of the actions of the Defendant's, Annie Earle suffered injuries that resulted in her death.

45. As a direct and proximate result of Defendants' violation of Plaintiff Annie Earle's clearly established federal rights, Plaintiff seeks to recover damages to compensate for following injuries that Annie Earle suffered, including, but not limited to:

   a. Unlawful detention at St. Mary's Medical Center;

   b. Fear, emotional distress, embarrassment, humiliation, anxiety, anger, loss of the enjoyments of life;

   c. Fractured ribs, lacerations to the heart;

   d. Death.

46. In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 USC § 1988 the attorneys' fees and costs incurred during the course of this litigation.

Paskel, Tashman & Walker, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750  fax (248) 353-2253

47. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendants' applicable insurance coverage.

COUNT III – FAILURE TO TRAIN AND SUPERVISE
(Against Defendant City of Huntington)

48. Plaintiff hereby restates and re-alleges the allegations contained in paragraphs 1 through 47 as though fully set forth herein.

49. Defendants City of Huntington, City of Huntington Police Department, and Defendant Officers failed to adequately train and supervise Defendant Officers in the areas of use of excessive force, search and seizure, and arrest procedures which were the direct cause of the injuries and death to Annie Earle.

50. It was foreseeable that the failure to adequately train, supervise, and discipline officers who exhibit blatant and deliberate disregard of the constitutional rights of Huntington citizens would cause injury or death to those citizens. Such deliberate indifference and reckless disregard directly resulted in Annie Earle's injuries and death. Defendant Officers' improper use of force violates the constitutional rights of those citizens the officers encounter. Defendants therefore exhibited reckless disregard for and deliberate indifference to Annie Earle. As a result of the acts and omissions of Defendants, Annie Earle suffered physical, emotional, and psychological injury leading up to her death.

51. As a direct and proximate result of Defendants' violation of Plaintiff Annie Earle's clearly established federal rights, Plaintiff seeks to recover damages to compensate for following injuries that Annie Earle suffered, including, but not limited to:

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

  a. Unlawful detention at St. Mary's Medical Center;

  b. Fear, emotional distress, embarrassment, humiliation, anxiety, anger, loss of the enjoyments of life;

  c. Fractured ribs, lacerations to the heart;

  d. Death.

52. In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 USC § 1988 the attorneys' fees and costs incurred during the course of this litigation.

53. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendants' applicable insurance coverage.

<u>COUNT IV – ASSAULT AND BATTERY</u>
(Against Defendant Nield)

54. Plaintiff hereby restates and re-alleges the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

55. Defendant Officer, exercising his position of authority and acting under the color of State Law in his capacity as a public official and representative of the City of Huntington and the Huntington Police Department, assaulted decedent Annie Earle by intentionally and unlawfully threatening in a rude and angry manner to create in the mind of a reasonable person a well-founded fear of imminent battery.

56. This was coupled with an apparent present ability by Defendant Officer to effectuate the attempt by grabbing Annie Earle, lifting her into the air, and slammed her to the ground, followed by placing the weight of an officer's full body on top of her.

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

10

Defendant Officer broke her ribs when slamming Annie Earle to the ground, using excessive force, causing Annie Earle to suffer fracture ribs, lacerate her heart, killing her.

57. As a direct and proximate result of Defendants' violation of Plaintiff Annie Earle's clearly established federal rights, Plaintiff seeks to recover damages to compensate for following injuries that Annie Earle suffered, including, but not limited to:

   a. Unlawful detention at St. Mary's Medical Center;

   b. Fear, emotional distress, embarrassment, humiliation, anxiety, anger, loss of the enjoyments of life;

   c. Fractured ribs, lacerations to the heart;

   d. Death.

58. In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 USC § 1988 the attorneys' fees and costs incurred during the course of this litigation.

59. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendants' applicable insurance coverage.

COUNT V – NEGLIGENT HIRING
(Against Defendant City of Huntington)

60. Plaintiff hereby restates and re-alleges the allegations contained in paragraphs 1 through 59 as though fully set forth herein.

61. When defendant City of Huntington hired and retained defendant officer Nield, it failed to conduct a reasonable investigation into his background for his job as a police officer resulting in the possible risk of harm to citizens of Huntington, West Virginia.

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

62. The City of Huntington should have reasonable foreseen the risk of hiring and retaining officer Nield.

63. As a direct and proximate result of Defendants' violation of Plaintiff Annie Earle's clearly established federal rights, Plaintiff seeks to recover damages to compensate for following injuries that Annie Earle suffered, including, but not limited to:

   a. Unlawful detention at St. Mary's Medical Center;

   b. Fear, emotional distress, embarrassment, humiliation, anxiety, anger, loss of the enjoyments of life;

   c. Fractured ribs, lacerations to the heart;

   d. Death.

   In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 USC § 1988 the attorneys' fees and costs incurred during the course of this litigation.

64. In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 USC § 1988 the attorneys' fees and costs incurred during the course of this litigation.

65. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendants' applicable insurance coverage.

COUNT VI – DELIBERATE INDIFFERENCE<br>(Against Defendant City of Huntington)

66. Plaintiff hereby restates and re-alleges the allegations contained in paragraphs 1 through 65 as though fully set forth herein.

67. Defendants City of Huntington, Huntington Police Department and Defendant Police Officers have created an atmosphere of tolerance regarding willful, wanton, and improper behavior of its officers that has resulted in a reputation of excessive use of force and violent behavior in the community causing citizens to be fearful for their safety and well-being.

68. Through their acts and omissions they are engaging in a pattern or practice of systemic deficiencies that has resulted in a widespread history of excessive force by Huntington Police Officers depriving persons of rights, privileges, and immunities secured or protected by the U.S. Constitution, the laws of the United States and the West Virginia Constitution. These systemic deficiencies include, but are not limited to:

   a. Failing to implement policies, procedures and practices regarding use of force that appropriately guide and monitor the actions of Huntington Police Officers;

   b. Failing to train Huntington Police Officers adequately to prevent the occurrence of misconduct;

   c. Failing to supervise Huntington Police Officers adequately to prevent the occurrence of misconduct;

   d. Failing to train Huntington Police Officers in the operation and procedures regarding mental hygiene petitions and orders;

   e. Failing to give adequate medical training to Huntington Police Officers;

   f. Failing to adequately investigate incidences of use of excessive force by Defendant Huntington Police Department officers;

   g. Failing to adequately discipline officers who engage in misconduct.

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750  fax (248) 353-2253

13

69. As a direct and proximate result of Defendants' violation of Plaintiff Annie Earle's clearly established federal rights, Plaintiff seeks to recover damages to compensate for following injuries that Annie Earle suffered, including, but not limited to:

   a. Unlawful detention at St. Mary's Medical Center;

   b. Fear, emotional distress, embarrassment, humiliation, anxiety, anger, loss of the enjoyments of life;

   c. Fractured ribs, lacerations to the heart;

   d. Death.

70. In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 USC § 1988 the attorneys' fees and costs incurred during the course of this litigation. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendants' applicable insurance coverage.

## COUNT VII – FALSE IMPRISONMENT
(Against Defendant St. Mary's Medical Center and Nield, Cabell County Commission, Cabell County 911, Ted Grant and/or Patrick Watkins)

71. Plaintiff hereby restates and re-alleges the allegations contained in Paragraphs 1 through 70 as though fully set forth herein.

72. St. Mary's Medical Center directed officer Nield to seize Ms. Earle when it knew or should have known that it had no legal basis to detain her.

73. Cabell County Commission, Cabell County 911 through their employee Ted Grant or Patrick Watkins, recklessly told HPD that a Mental Hygiene Order existed as to Annie Earle when it knew or should have known no such order existed.

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

74. Nield seized Ms. Earle when he knew or should have known that St. Mary's had no legal basis.

75. Plaintiff was willfully detained by St. Mary's, through its agents servants and/or employees, and by Nield without her consent and without the authority law.

76. As a proximate result of Defendants' actions, Plaintiff seeks to recover damages to compensate her for:

   a. Unlawful detention at St. Mary's Medical Center;

   b. Fear, emotional distress, embarrassment, humiliation, anxiety, anger, loss of the enjoyments of life;

   c. Physical pain and suffering;

   d. Fractured ribs, lacerations to the heart;

   e. Death.

77. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Decedent Annie Earle, thereby justifying an award of punitive damages.

COUNT VIII – NEGLIGENCE
(Against Defendant St. Mary's Medical Center, Cabell County Commission, Cabell County 911, Ted Grant and/or Patrick Watkins)

78. Plaintiff hereby restates and re-alleges the allegations contained in Paragraphs 1 through 77 as though fully set forth herein.

79. The above defendants owed plaintiff the duty to not cause her to be unlawfully detained.

80. The above defendants breached that duty when, by and through its agents servants and/or employees, it caused plaintiff to be unlawfully detained. It caused plaintiff to be

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

15

detained even though it knew or should have known, the Mental Hygiene Order was denied and therefore it had no authority to cause plaintiff's detention.

81. As a result of the above described conduct, the above defendants caused plaintiff to be unlawfully detained, agitated, and in contact with Nield.

82. As a proximate result of Defendant's actions, Plaintiff seeks to recover damages to compensate her for:

    a. Unlawful detention at St. Mary's Medical Center;

    b. Fear, emotional distress, embarrassment, humiliation, anxiety, anger, loss of the enjoyments of life;

    c. Physical pain and suffering;

    d. Fractured ribs, lacerations to the heart;

    e. Death.

83. The actions of Defendant against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Decedent Annie Earle, thereby justifying an award of punitive damages.

STATE CONSTITUTIONAL VIOLATIONS
(Against Defendant City of Huntington and Nield)

84. Plaintiff hereby restates and re-alleges the allegations contained in Paragraphs 1 through 83 as though fully set forth herein.

85. Plaintiff alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia, and specifically is not filed pursuant to 42 U.S.C. § 1983 or any other related federal statute.

86. The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under Article III, Sections 1, 5, 6, and 10 of the West Virginia Constitution.

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

87. The actions of Defendants also violated the constitutional rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

88. The actions of Defendants were not taken in good faith and were in violation of clearly established law.

89. Defendants violated Plaintiff's constitutional rights, as described and identified herein, by failing to intercede and preventing the other Defendants from using excessive and wrongful force during the course of detaining and assaulting Plaintiff on or about January 11, 2014.

90. As a proximate result of Defendants' unconstitutional actions, Plaintiff seeks to recover damages to compensate her for:

   a. Unlawful detention at St. Mary's Medical Center;

   b. Fear, emotional distress, embarrassment, humiliation, anxiety, anger, loss of the enjoyments of life;

   c. Physical pain and suffering;

   d. Fractured ribs, lacerations to the heart;

   e. Death.

91. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Decedent Annie Earle, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendants' applicable insurance coverage.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants:

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750 fax (248) 353-2253

17

1. For general damages in an amount in excess of the jurisdictional requisites of the Court, according to proof at trial;

2. For special and incidental damages, according to proof at trial;

3. For punitive damages against individually named police officers, according to proof;

4. For costs of suit and reasonable attorneys' fees as provided by law, including but not limited to 42 U.S.C. § 1988;

5. For such other and further relief as the Court may deem just and proper.

<u>JURY DEMAND</u>

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.

By Counsel: s/Richard Weston_____
Richard W. Weston (WVSB #9734)
Connor Robertson (WVSB #11460)
Weston Law Office
337 Fifth Avenue
Huntington, WV 25701
P 304.522.4100
F 304.250.3000
rww@westonlawoffice.com

/s/ Clifford Paskel_____
CLIFFORD PASKEL (P18680)
Attorney for Plaintiff

Dated: March 30, 2015

PASKEL, TASHMAN & WALKER, P.C.
24445 Northwestern Hwy., Suite 102
Southfield, MI 48075
(248) 353-7750  fax (248) 353-2253