IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE OF ANNIE EARLE, deceased,

        Plaintiff,

v.        Civil Action No.: 3:14-cv-29536

CITY OF HUNTINGTON, d/b/a
CITY OF HUNTINGTON POLICE DEPARTMENT,
a municipal corporation, JOSH NIELD, individually
and in his official capacity, ST. MARY'S MEDICAL
CENTER, INC., d/b/a ST. MARY'S MEDICAL CENTER,
CABELL COUNTY 911, CABELL COUNTY COMMISSION,
TED GRANT, Individually and in his official capacity,
PATRICK WATKINS, Individually and in his official capacity,

        Defendants.

### ANSWER BY DEFENDANTS, CITY OF HUNTINGTON AND JOSH NIELD, TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COME NOW the Defendants, the City of Huntington, and Josh Nield, individually and in his official capacity, (hereinafter "Defendants"), by counsel, Steven K. Nord, Michael R. Dockery, and Offutt Nord Burchett, PLLC and answer the Second Amended Complaint (ECF Doc. 66) of the Plaintiff as follows:

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted against these Defendants, and therefore the Second Amended Complaint should be dismissed.

1

## SECOND DEFENSE

Defendants are immune from the allegations contained in the Second Amended Complaint pursuant to the provisions of West Virginia Code §29-12A-5, The Governmental Tort Claims and Insurance Reform Act.

## THIRD DEFENSE

Defendants allege that the Decedent was guilty of fault or negligence equal to or greater than the negligence of these Defendants, if any, and, therefore, the action of the Plaintiff is barred by the doctrine of comparative negligence.

## FOURTH DEFENSE

Defendants allege that the Decedent assumed the risk of the damages and injuries of which the Plaintiff complains and, therefore, the action of the Plaintiff is barred by the doctrine of assumption of risk.

## FIFTH DEFENSE

The Second Amended Complaint of the Plaintiff is barred by the operation of the applicable statute of limitations.

## SIXTH DEFENSE

West Virginia law does not permit recovery of punitive damages on a case based solely on breach of contract, negligence, carelessness or recklessness. Therefore, Plaintiff's demand for punitive damages should be stricken as a matter of law.

## SEVENTH DEFENSE

The Plaintiff's claims for punitive damages violate the Constitutional right of due process of Defendants, City of Huntington and Josh Nield, pursuant to the West Virginia

Constitution and the United States Constitution in that it creates an unnecessary and undue risk of an improper verdict on the issues of liability, on the measure of damages, and on the measure of punitive damages.

### EIGHTH DEFENSE

The Plaintiff's claims for punitive damages against the Defendants, the City of Huntington and Josh Nield, violate the Constitutional right of procedural due process and constitutes an excessive fine. Therefore, Plaintiff's claims for punitive damages are unconstitutional and barred by the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article 3, Section 5 of the Constitution of the State of West Virginia.

### NINTH DEFENSE

Defendants reserve the right to supplement their Answer with any additional affirmative defenses which may be determined appropriate.

### TENTH DEFENSE

#### Introduction

1. Defendants deny the allegations contained in Paragraph 1 of the Second Amended Complaint and demand strict proof thereof.

#### Jurisdiction

2. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 2 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

3. Defendants admit that the subject incident occurred in Huntington,

Cabell County, West Virginia, but deny any and all remaining allegations contained in Paragraph 3 of the Second Amended Complaint and demand strict proof thereof.

## Parties

4. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 4 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

5. Defendants admit that the Estate of Annie Earle appears in this matter by its representative, Lumumba Earle, but deny any and all remaining allegations contained in Paragraph 5 of the Second Amended Complaint and demand strict proof thereof.

6. Defendants admit the allegations contained in Paragraph 6 of the Second Amended Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Second Amended Complaint.

8. Defendants admit that Officer Nield was an officer employed by the Huntington Police Department, but deny any and all remaining allegations contained in Paragraph 8 of the Second Amended Complaint.

9. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 9 of the Second Amended Complaint and, therefore, deny the same and demand strict proof

4

thereof.

10. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 10 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

11. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 11 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

12. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 12 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

13. Defendants deny the allegations contained in Paragraph 13 of the Second Amended Complaint as they pertain to these Defendants and demand strict proof thereof.

14. Defendants admit that they acted within their course and scope of employment, but deny any and all remaining allegations contained in Paragraph 14 of the Second Amended Complaint and demand strict proof thereof.

15. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 15 of the Second Amended Complaint and, therefore, deny the same and demand strict proof

thereof.

16. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 16 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

17. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 17 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

## Common Allegations

18. Defendants reallege and incorporate their answers to Paragraphs 1 through 17 as if fully restated herein in answering Paragraph 18 of the Second Amended Complaint.

19. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 19 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

20. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 20 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

21. Defendants are without sufficient information upon which to form a

belief as to the truth of the allegations contained in Paragraph 21 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

22. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 22 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

23. Defendants deny the allegations contained in Paragraph 23 of the Second Amended Complaint and demand strict proof thereof.

24. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 24 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

25. Defendants deny the allegations contained in Paragraph 25 of the Second Amended Complaint and demand strict proof thereof.

26. Defendants are without sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

27. Defendants admit that an officer called Cabell County 911 regarding the Mental Hygiene Order, but deny any and all remaining allegations contained in Paragraph 27 of the Second Amended Complaint.

28. Defendants admit that they were informed a Mental Hygiene Order was in effect for the Plaintiff, but deny any and all remaining allegations contained

in Paragraph 28 of the Second Amended Complaint and demand strict proof thereof.

29. Defendants deny the allegations contained in Paragraph 29 of the Second Amended Complaint and demand strict proof thereof.

30. Defendants deny the allegations contained in Paragraph 30 of the Second Amended Complaint and demand strict proof thereof.

31. Defendants admit that a physical altercation arose as a result of the actions of Annie Earle, but deny any and all remaining allegations contained in Paragraph 31 of the Second Amended Complaint and demand strict proof thereof.

32. Defendants deny the allegations contained in Paragraph 32 of the Second Amended Complaint and demand strict proof thereof.

### Count I – Unlawful Search and Seizure Against Defendant Nield

33. Defendants reallege and incorporate their answers to Paragraphs 1 through 32 as if fully restated herein in answering Paragraph 33 of the Second Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Second Amended Complaint and demand strict proof thereof.

35. Defendants deny the allegations contained in Paragraph 35 of the Second Amended Complaint and demand strict proof thereof.

36. Defendants deny the allegations contained in Paragraph 36 of the Second Amended Complaint and demand strict proof thereof.

37. Defendants deny the allegations contained in Paragraph 37 of the Second Amended Complaint and demand strict proof thereof.

38. Defendants deny the allegations contained in Paragraph 38, including subsections (a) through (d), of the Second Amended Complaint and demand strict proof thereof.

39. Defendants deny the allegations contained in Paragraph 39 of the Second Amended Complaint and demand strict proof thereof.

40. Defendants deny the allegations contained in Paragraph 40 of the Second Amended Complaint and demand strict proof thereof.

## Count II – Excessive Use of Force Against Defendant Nield

41. Defendants reallege and incorporate their answers to Paragraphs 1 through 40 as if fully restated herein in answering Paragraph 41 of the Second Amended Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Second Amended Complaint and demand strict proof thereof.

43. Defendants deny the allegations contained in Paragraph 43 of the Second Amended Complaint and demand strict proof thereof.

44. Defendants deny the allegations contained in Paragraph 44 of the Second Amended Complaint and demand strict proof thereof.

45. Defendants deny the allegations contained in Paragraph 45, including subsections (a) through (d), of the Second Amended Complaint, and demand strict proof thereof.

46. Defendants deny the allegations contained in Paragraph 46 of the Second Amended Complaint and demand strict proof thereof.

47. Defendants deny the allegations contained in Paragraph 47 of the Second Amended Complaint and demand strict proof thereof.

### Count III – Failure to Train and Supervise Against Defendant City of Huntington

48. Defendants reallege and incorporate their answers to Paragraphs 1 through 47 as if fully restated herein in answering Paragraph 48 of the Second Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Second Amended Complaint and demand strict proof thereof.

50. Defendants deny the allegations contained in Paragraph 50 of the Second Amended Complaint and demand strict proof thereof.

51. Defendants deny the allegations contained in Paragraph 51, including subsections (a) through (d), of the Second Amended Complaint and demand strict proof thereof.

52. Defendants deny the allegations contained in Paragraph 52 of the Second Amended Complaint and demand strict proof thereof.

53. Defendants deny the allegations contained in Paragraph 53 of the Second Amended Complaint and demand strict proof thereof.

### Count IV – Assault and Battery Against Defendant Nield

54. Defendants reallege and incorporate their answers to Paragraphs 1 through 53 as if fully restated herein in answering Paragraph 54 of the Second Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the

Second Amended Complaint and demand strict proof thereof.

56. Defendants deny the allegations contained in Paragraph 56 of the Second Amended Complaint and demand strict proof thereof.

57. Defendants deny the allegations contained in Paragraph 57, including subsections (a) through (d), of the Second Amended Complaint and demand strict proof thereof.

58. Defendants deny the allegations contained in Paragraph 58 of the Second Amended Complaint and demand strict proof thereof.

59. Defendants deny the allegations contained in Paragraph 59 of the Second Amended Complaint and demand strict proof thereof.

## Count V – Negligent Hiring Against Defendant City of Huntington

60. Defendants reallege and incorporate theirs answers to Paragraphs 1 through 59 as if fully restated herein in answering Paragraph 60 of the Second Amended Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Second Amended Complaint and demand strict proof thereof.

62. Defendants deny the allegations contained in Paragraph 62 of the Second Amended Complaint and demand strict proof thereof.

63. Defendants deny the allegations contained in Paragraph 63, including subsections (a) through (d), of the Second Amended Complaint and demand strict proof thereof.

64. Defendants deny the allegations contained in Paragraph 64 of the

Second Amended Complaint and demand strict proof thereof.

65. Defendants deny the allegations contained in Paragraph 65 of the Second Amended Complaint and demand strict proof thereof.

### Count VI – Deliberate Intent Against Defendant City of Huntington

66. Defendants reallege and incorporate their answers to Paragraphs 1 through 65 as if fully restated herein in answering Paragraph 66 of the Second Amended Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Second Amended Complaint and demand strict proof thereof.

68. Defendants deny the allegations contained in Paragraph 61, including subsections (a) through (g), of the Second Amended Complaint and demand strict proof thereof.

69. Defendants deny the allegations contained in Paragraph 69, including subsections (a) through (d), of the Second Amended Complaint and demand strict proof thereof.

70. Defendants deny the allegations contained in Paragraph 70 of the Second Amended Complaint and demand strict proof thereof.

### Count VII – False Imprisonment Against Defendants St. Mary's Medical Center and Nield, Cabell County Commission, Cabell County 911, Ted Grant and/or Patrick Watkins

71. Defendants reallege and incorporate their answers to Paragraphs 1 through 70 as if fully restated herein in answering Paragraph 71 of the Second Amended Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Second Amended Complaint and demand strict proof thereof.

73. Defendants deny the allegations contained in Paragraph 73 of the Second Amended Complaint and demand strict proof thereof.

74. Defendants deny the allegations contained in Paragraph 74 of the Second Amended Complaint and demand strict proof thereof.

75. Defendants deny the allegations contained in Paragraph 75 of the Second Amended Complaint and demand strict proof thereof.

76. Defendants deny the allegations contained in Paragraph 76, including subsections (a) through (e), of the Second Amended Complaint and demand strict proof thereof.

77. Defendants deny the allegations contained in Paragraph 77 of the Second Amended Complaint and demand strict proof thereof.

### Count VIII – Negligence Against Defendant St. Mary's Medical Center, Cabell County Commission, Cabell County 911, Ted Grant and/or Patrick Watkins

78. Defendants reallege and incorporate their answers to Paragraphs 1 through 77 as if fully restated herein in answering Paragraph 78 of the Second Amended Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Second Amended Complaint and demand strict proof thereof.

80. Defendants deny the allegations contained in Paragraph 80 of the Second Amended Complaint and demand strict proof thereof.

81. Defendants deny the allegations contained in Paragraph 81 of the Second Amended Complaint and demand strict proof thereof.

82. Defendants deny the allegations contained in Paragraph 82, including subsections (a) through (e), of the Second Amended Complaint and demand strict proof thereof.

83. Defendants deny the allegations contained in Paragraph 83 of the Second Amended Complaint and demand strict proof thereof.

## State Constitutional Violations Against Defendant City of Huntington and Nield

84. Defendants reallege and incorporate their answers to Paragraphs 1 through 83 as if fully restated herein in answering Paragraph 84 of the Second Amended Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Second Amended Complaint and demand strict proof thereof.

86. Defendants deny the allegations contained in Paragraph 86 of the Second Amended Complaint and demand strict proof thereof.

87. Defendants deny the allegations contained in Paragraph 87 of the Second Amended Complaint and demand strict proof thereof.

88. Defendants deny the allegations contained in Paragraph 88 of the Second Amended Complaint and demand strict proof thereof.

89. Defendants deny the allegations contained in Paragraph 89 of the Second Amended Complaint and demand strict proof thereof.

90. Defendants deny the allegations contained in Paragraph 90, including

subsections (a) through (e), of the Second Amended Complaint and demand strict proof thereof.

91. Defendants deny the allegations contained in Paragraph 91 of the Second Amended Complaint and demand strict proof thereof.

92. The Defendants specifically deny any contention that is made in the Plaintiff's "Prayer for Relief." They further deny the entitlement of the Plaintiff to any of the requested relief.

93. Except as specifically admitted herein, the Defendants, City of Huntington and Josh Nield, deny each and every allegation contained in the Amended Complaint.

WHEREFORE, the Defendants, City of Huntington and Josh Nield, respectfully request that the Second Amended Complaint of the Plaintiff be dismissed and that they recover their costs of action, including attorney's fees.

**DEFENDANTS DEMAND A TRIAL BY JURY**

CITY OF HUNTINGTON AND JOSH NIELD

BY COUNSEL

/s/ Steven K. Nord
Steven K. Nord, Esquire (WV Bar #2748)
**OFFUTT NORD BURCHETT, PLLC**
949 Third Avenue, Suite 300
Post Office Box 2868
Huntington, West Virginia 25728-2868
Telephone: 304-529-2868
Facsimile: 304-529-2999
sknord@onblaw.com

15

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE OF ANNIE EARLE, deceased,

              Plaintiff,

v.                                   Civil Action No.: 3:14-cv-29536

CITY OF HUNTINGTON, d/b/a
CITY OF HUNTINGTON POLICE DEPARTMENT,
a municipal corporation, JOSH NIELD, individually
and in his official capacity, ST. MARY'S MEDICAL
CENTER, INC., d/b/a ST. MARY'S MEDICAL CENTER,
CABELL COUNTY 911, CABELL COUNTY COMMISSION,
TED GRANT, Individually and in his official capacity,
PATRICK WATKINS, Individually and in his official capacity,

              Defendants.

## CERTIFICATE OF SERVICE

      The undersigned, counsel for the Defendants, City of Huntington and Josh Nield, certifies that the foregoing *"Answer By The Defendants, City of Huntington and Josh Nield, to Plaintiff's Second Amended Complaint"* was served upon counsel of record, via electronic filing this 8th day of July, 2015:

                        Robert M. Sellards, Esquire
                        Marvin "Chip" Capeheart, II, Esquire
                        J. Lauren H. Savory, Esquire
                        Nelson Mullins Riley & Scarborough, LLP
                        PO Box 1856
                        Huntington, WV 25719-1856
                        *Counsel for St. Mary's Medical Center, Inc., d/b/a St,*
                        *Mary's Medical Center*

Richard W. Weston, Esquire
Connor Robertson, Esquire
Weston Law Office
621 Sixth Avenue
Huntington, WV 25701
*Counsel for the Plaintiff*

Clifford Paskel, Esquire
Paskel, Tashman & Walker, PC
24445 Northwestern Hwy, Suite 102
Southfield, MI 48075
*Counsel for the Plaintiff*

/s/ Steven K. Nord
Steven K. Nord, Esquire (WV Bar #2748)