# Nelson
# Mullins

**Nelson Mullins Riley & Scarborough LLP**
Attorneys and Counselors at Law
949 Third Avenue / Suite 200 / Huntington, WV 25701
Tel: 304.526.3500  Fax: 304.526.3549
www.nelsonmullins.com

Robert M. Sellards
(Admitted in OH, WV & KY)
Tel: 304.526.3509
Fax: 304.526.3549
rob.sellards@nelsonmullins.com

July 21, 2015

File No. 35596/01568

**VIA HAND DELIVERY**
Clerk of the Court
U.S. District Court, Southern District of West Virginia, Huntington Division
Sidney L. Christie Federal Building
845 Fifth Avenue, Room 101
Huntington, WV 25701

RE:  *Earle v. City of Huntington, et al.*
     Civil Action No. 3:14-CV-29536

**FILED**
JUL 21 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Dear Sir or Madam:

Enclosed please find for filing ***"Defendant St. Mary's Medical Center, Inc.'s Memorandum in Reply to Plaintiff's Response to Defendant, St. Mary's Medical Center Inc.'s Renewed Motions to Dismiss"*** and ***"Certificate of Service"*** with exhibits in the above referenced matter. An electronic copy was filed on this day and can be found at Docket 90. This copy contains the audio recording referenced by a placeholder document in the electronic filing. Copies of the same have been served on counsel of record, and a courtesy copy provided to the Hon. Robert C. Chambers.

Thank you for your assistance in this matter. If you have any questions or concerns, please do not hesitate to contact my office.

Sincerely,

Robert M. Sellards

RMS/jnr
Enclosures

cc:  Hon. Robert C. Chambers (Via Hand Delivery, w/Enclosures)

*With offices in the District of Columbia, Florida, Georgia, Massachusetts, North Carolina, South Carolina, Tennessee and West Virginia*

*Earle v. City of Huntington, et al.*
July 21, 2015
Page 2

        Richard Weston, Esq. (Via U.S. Mail, w/Enclosures)
        Steven K. Nord, Esq. (Via Hand Delivery, w/Enclosures)
        Ryan Q. Ashworth, Esq. (Via Hand Delivery, w/Enclosures)
        Lee Murray Hall, Esq. (Via U.S. Mail, w/Enclosures)
        Nathanial A. Kuratomi, Esq. (Via U.S. Mail, w/Enclosures)
        Clifford Paskel, Esq. (Via U.S. Mail, w/Enclosures)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE of ANNIE EARLE, deceased,

    Plaintiffs,

v.                                        Civil Action No. 3:14-CV-29536
                                          Judge Robert C. Chambers

CITY OF HUNTINGTON, d/b/a CITY OF
HUNTINGTON POLICE DEPARTMENT,
a municipal corporation; JOSH NIELD,
individually and in his official capacity;
ST. MARY'S MEDICAL CENTER, INC., d/b/a
ST. MARY'S MEDICAL CENTER,
CABELL COUNTY 911, CABELL COUNTY COMMISSION,
TED GRANT, individually and in his official capacity,
PATRICK WATKINS, individually and in his official capacity,

    Defendants.

## DEFENDANT ST. MARY'S MEDICAL CENTER, INC.'S MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT, ST. MARY'S MEDICAL CENTER INC.'S RENEWED MOTIONS TO DISMISS

The Defendant, St. Mary's Medical Center, Inc., d/b/a St. Mary's Medical Center ("SMMC"), by and through counsel, Robert M. Sellards, Esq., Marvin "Chip" Capehart, II, Esq., J. Lauren H. Savory, Esq., and the law firm of Nelson Mullins Riley & Scarborough, LLP., has moved this Honorable Court, pursuant to Rules 12(b) and (d) and Rule 56 of the Federal Rules of Civil Procedure, for dismissal of the Plaintiffs' claims against SMMC inasmuch as Plaintiffs have failed to articulate a viable claim against SMMC.

More specifically, SMMC recently supplemented its previously filed memoranda to incorporate the deposition testimony of Lieutenant John Williams, of the Huntington Police Department. [See ECF #79]. Lieutenant Williams' testimony establishes, unequivocally, that

1

Melissa Blagg, RN, an SMMC emergency department staff nurse, called 911 to report that Plaintiff's decedent, Annie Earle, left SMMC's premises against medical advice. [ECF #79]. Most importantly, for purposes of the instant discussion, it is undisputed that Nurse Blagg did <u>not</u> represent that a mental hygiene order was in place for Ms. Earle. Nurse Blagg simply reported to the 911 call center that "[w]e had a patient that we were trying to get a mental hygiene order on and she left AMA against medical advice". See audio recording and transcript thereof, attached hereto as **Exhibit A**.

Plaintiff attempts to resist SMMC's Motion for Summary Judgment on the bases that (1) Plaintiff has not had an opportunity to discover information essential to his claim and (2) the records demonstrate that SMMC knew the mental hygiene petition had been denied "yet still called 911 and misrepresented they were still in the process of obtaining a mental hygiene order." [ECF # 86]. SMMC will address the Plaintiff's assertions in reverse order.

First, the Plaintiff asserts that certain handwritten notes created by Nurse B. Adams "clearly display *that St. Mary's knew* the Mental Hygiene Order was denied" (emphasis added) at the time that Nurse Blagg called 911. [ECF #86]. With all due respect to Plaintiff's counsel, Nurse Adams' notation, to the effect that she received a call from "Craig at Prestera", who said the application was denied, and that she relayed such call to "Melissa" at "1648*ish*" (emphasis added) does not establish that Nurse Melissa Blagg was aware of the denial of the Mental Hygiene Petition when she contacted 911 at 4:54 p.m. In fact, as set forth in Nurse Blagg's attached affidavit, at the time she contacted 911, Nurse Blagg was <u>not</u> aware of the denial of Ms. Earle's Mental Hygiene Order.[1] See *Affidavit*, attached hereto as **Exhibit B**.

---

[1] SMMC notes that the Mental Hygiene Commissioner's Order, denying Ms. Earle's Mental Health Petition, indicates, on its face, that **the Order was actually issued (or received) at 4:55 pm.** See *Order*, attached hereto as **Exhibit C**. ("VO per Paul Biser 4:55 pm"). Thus, whether the Order had actually been issued at the time of Nurse Blagg's call to 911 and/or whether SMMC, as an entity, could or should be charged with knowledge of the status of

2

More importantly, and in any event, as set forth in SMMC's previously filed memoranda, **Nurse Blagg never represented that a Mental Hygiene Order had been issued with respect to Ms. Earle. She did not claim that Ms. Earle had eloped in violation of a detention order. She did not request that Ms. Earle be returned to St. Mary's Medical Center.** She simply (and accurately) reported that "[w]e had a patient that we were trying to get a mental hygiene order on and she left AMA against medical advice."[2] See **Exhibit A**. Thus, it does not matter whether the petition had been denied at the time of Nurse Blagg's call or whether Nurse Adams had received a "heads up" with respect to the pending Order of denial within the approximate 1-10 minute period prior to Nurse Blagg's telephone call to 911.[3] None of these matters presents a genuine issue of material fact sufficient to overcome SMMC's motions to dismiss.[4]

---

the Mental Hygiene Petition at the time of Nurse Blagg's call to 911 at 4:54 p.m. is questionable. It is clear that Nurse Blagg was unaware of the Order at the time of her call. In any event, the salient point, for purposes of SMMC's pending motions, is that **these questions do not present "material" issues of fact which serve to overcome SMMC's pending motions.** See *infra*.

[2] Whether the applicable authorities followed up on Nurse Blagg's call by confirming or ensuring that Ms. Earle made it home safely, that she was safely in the company of friends, relatives or other caregivers or by otherwise taking steps to see to her safety was completely within the discretion of such authorities.

[3] Notably, Plaintiff's theory of liability as to SMMC has been that SMMC improperly and wrongfully directed the police to detain and return Ms. Earle to SMMC. See [Amended Complaint, ECF #66], ¶¶ 24 and 72. As unequivocally established by **Exhibit A**, this did not happen. Plaintiff's theory of liability now appears to have morphed into the assertion that "St. Mary's knew the mental hygiene order was denied yet still called 911 and misrepresented they were still in the process of obtaining a mental hygiene order." [ECF #86]. *Assuming* this to be true (which, as discussed *infra*, it is not), so what? Even if assumed to be true, the representation that a mental hygiene petition had been *requested* is not tantamount to a request or demand, under color of law (i.e., a representation that a detention order was in place), that Ms. Earle be detained and returned to SMMC. Whether or not Nurse Blagg (or, SMMC as an entity) was aware of the status of the petition at the time of her call to 911 does not constitute a genuine issue of material fact.

[4] Plaintiff contends that "[t]he denial of [the mental hygiene petition] means that there was absolutely no reason for St. Mary's to call 911 regarding Ms. Earle. This creates an issue of fact for a jury." ECF #86. This is incorrect. As set forth in Nurse Blagg's affidavit and in SMMC's previously filed memoranda, Nurse Blagg did not call 911 due to the purported existence of a detention order. She contacted 911 in accord with the usual practice under such circumstances. It bears repeating that Huntington Police Officers actually came into contact with Ms. Earle following her departure from SMMC when someone at O-Reilly's Auto Parts contacted 911 to report that Ms. Earle was present on the premises in a disoriented state. See ECF #79. Plaintiff has not alleged that this person acted wrongfully in contacting 911 regarding his concerns for Ms. Earle or that his contacting of 911 proximately resulted in Ms. Earle's death. He did not act wrongfully. He did not cause Ms. Earle's death. Neither did SMMC.

3

Second, Plaintiff's counsel asserts that SMMC's motion to dismiss should be denied because "Plaintiff has not had an opportunity to discover information that is essential to his claim." ECF # 86. However, aside from noting that he intends to review pending written discovery and take depositions to generally determine "what actually happened and whom did what" (apparently associated with his assertion that St. Mary's was aware of the existence of the denial of the mental hygiene order at the time of Nurse Blagg's call to 911) [see ECF #86] Plaintiff fails to assert with any specificity how or why additional information is necessary to fully respond to SMMC's motion. Plaintiff's response is insufficient. See, *e.g.*, *First Chatham Bank v. Landers*, 890 F. Supp. 2d 623, 626-27 (D.S.C. 2011) ("Fed.R.Civ.P. 56(d) provides that if a nonmovant to a motion for summary judgment 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition,' then the Court may delay ruling upon the motion for summary judgment. Defendant does not state with specificity, nor has attorney for defendant attached the required affidavit explaining why the additional information is necessary to respond fully to Plaintiff's motion for summary judgment. . . Therefore, to the extent Defendant moves the Court to further delay summary judgment in order to conduct additional discovery, the Court denies that motion. Defendant has not stated with specificity the reasons why additional discovery is needed, but instead has merely stated in his Memorandum in Opposition to Plaintiff's Motion for Summary Judgment that additional discovery may further support his response.")

Plaintiff's theory of liability against SMMC is that SMMC wrongfully instructed the Huntington Police Department to apprehend and deliver Ms. Earle to SMMC and that such wrongful apprehension and delivery ultimately culminated in Ms. Earle's injuries and death. **Exhibit A** conclusively establishes to the contrary. The information conveyed to 911 by Nurse

4

Blagg is that contained in **Exhibit A**. No amount of additional discovery that Plaintiff might conduct is going to change the content of Nurse Blagg's call to 911. Plaintiff has failed to establish that any amount of additional discovery is necessary to fully and adequately respond to SMMC's motion to dismiss.

For the reasons set forth herein and in SMMC's previously filed memoranda in this matter, SMMC is entitled to judgment as a matter of law.

## CONCLUSION

Based upon the forgoing, and for the reasons set forth in its previously filed memoranda, SMMC respectfully submits that it is not liable, as a matter of law, for injuries or damages allegedly sustained during the altercation between Ms. Earle and Officer Nield. Accordingly, the Plaintiff does not possess a viable wrongful death claim against SMMC. SMMC is entitled, as a matter of law, to dismissal of the Plaintiff's wrongful death claim.

ST. MARY'S MEDICAL CENTER, INC. d/b/a
ST. MARY'S MEDICAL CENTER,

By: /s/ Robert M. Sellards

Robert M. Sellards, Esquire (WVSB #9104)
Marvin "Chip" Capehart, II, Esquire (WVSB #7890)
J. Lauren H. Savory, Esquire (WVSB #11924)
Nelson Mullins Riley & Scarborough LLP
P.O. Box 1856
Huntington, WV 25719-1856
Main Office Phone: (304) 526-3500
Direct Dial Phone: (304) 526-3509
Fax: (304) 526-3549
*Counsel for Defendant*
*St. Mary's Medical Center, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE of ANNIE EARLE, deceased,

    Plaintiffs,

v.                                    Civil Action No. 3:14-CV-29536
                                        Judge Robert C. Chambers

CITY OF HUNTINGTON, d/b/a CITY OF
HUNTINGTON POLICE DEPARTMENT,
a municipal corporation; JOSH NIELD,
individually and in his official capacity;
ST. MARY'S MEDICAL CENTER, INC., d/b/a
ST. MARY'S MEDICAL CENTER,
CABELL COUNTY 911, CABELL COUNTY COMMISSION,
TED GRANT, individually and in his official capacity,
PATRICK WATKINS, individually and in his official capacity,

    Defendants.

## CERTIFICATE OF SERVICE

I, Robert M. Sellards, hereby certify that I served the foregoing *"Defendant St. Mary's Medical Center, Inc.'s Memorandum in Reply to Plaintiff's Response to Defendant, St. Mary's Medical Center Inc.'s Renewed Motions to Dismiss"* with the Clerk of the Court via the CM/ECF system which will send notification to the following CM/ECF participants, and also via U.S. Mail on the 21st day of July, 2015:

    Richard W. Weston
    Weston Law Office
    337 Fifth Avenue
    Huntington, WV 2570
    *Counsel for Plaintiffs*


Lee Murray Hall
Nathanial A. Kuratomi
Jenkins Fenstermaker, PLLC
P.O. Box 2688
Huntington, WV 25726-2688
*Counsel for Defendants Cabell County 911, Cabell County Commission, Ted Grant and Patrick Watkins*

I, Robert M. Sellards, hereby certify that I served the foregoing ***"Defendant St. Mary's Medical Center, Inc.'s Memorandum in Reply to Plaintiff's Response to Defendant, St. Mary's Medical Center Inc.'s Renewed Motions to Dismiss"*** with the Clerk of the Court via the CM/ECF system which will send notification to the following CM/ECF participants, and also via hand delivery on the 21st day of July, 2015:

Steven K. Nord
Ryan Q. Ashworth
Offutt Nord Burchett, PLLC
P.O. Box 2868
Huntington, WV 25728-2868
*Counsel for Defendants the City of Huntington and Josh Nield*

I, Robert M. Sellards, hereby certify that I served the foregoing ***"Defendant St. Mary's Medical Center, Inc.'s Memorandum in Reply to Plaintiff's Response to Defendant, St. Mary's Medical Center Inc.'s Renewed Motions to Dismiss"*** via U.S. Mail to the following participant on the 21st day of July, 2015:

Clifford Paskel
Paskel, Tashman & Walker
Suite 102
2445 Northwestern Hwy
Southfield, MI 48075
*Counsel for Plaintiffs*

/s/ Robert M. Sellards
Robert M. Sellards, Esquire (WVSB #9104)
Marvin "Chip" Capehart, II, Esquire (WVSB #7890)
J. Lauren H. Savory, Esquire (WVSB #11924)
Nelson Mullins Riley & Scarborough LLP
P.O. Box 1856
Huntington, WV 25719-1856
Main Office Phone: (304) 526-3500
Direct Dial Phone: (304) 526-3509
Fax: (304) 526-3549
*Counsel for Defendant St. Mary's Medical Center, Inc.*

# Exhibit A

## Transcription of 911 Audio Records

**Segment 01**

| | |
|---|---|
| Dispatch: | Cabell County 911. |
| Missy: | Hi there. It's Missy in the ER at St. Mary's. |
| Dispatch: | Un huh. |
| Missy: | We had a patient that we were um trying to get a mental hygiene order on and um she left AMA against medical advice. |
| Dispatch: | She left and then your phone cut out on you. |
| Missy: | um.. She left AMA against medical advice |
| Dispatch: | Okay. |
| Missy: | So -- |
| Dispatch: | So -- |
| Missy: | I'm sorry. |
| Dispatch: | Out of the ER or? |
| Missy: | Yeah, the emergency room. So I guess we call you guys. |
| Dispatch: | What's her name? |
| Missy: | Um...Annie Earle. |
| Dispatch: | What does she look like? |
| Missy: | She is a – she's probably um 5'7" and she probably weighs 110 lbs. |
| Dispatch: | What was she wearing? |
| Missy: | She's African-American. |
| Dispatch: | Okay, what was she wearing. |
| Missy: | A purple sweater and blue jeans. |
| Dispatch: | Do you have an idea of which way she went. |
| Missy: | No. I can't see outside these walls, there's no windows. |

1

| | |
|---|---|
| Dispatch: | Okay and what was she -- |
| Missy: | She didn't – she went out the uh EMS bay and turned left. |
| Dispatch: | Okay. And what was your name? |
| Missy: | Melissa Blagg |
| Dispatch: | And a phone number to get a hold of you? |
| Missy: | 526-1113. |
| Dispatch: | All right, I'll let them know. |
| Missy: | All right, thank you. |
| Dispatch: | Bye. |
| Missy: | Bye. |

2

Earle v. City of Huntington, et al.
Case No. 3:14-CV-29536

Audio Recording from Cabell County 911
January 11, 2014
Exhibit A

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE of ANNIE EARLE, deceased,

    Plaintiffs,

v.                                                               Civil Action No. 3:14-CV-29536
                                                              Judge Robert C. Chambers

CITY OF HUNTINGTON, d/b/a CITY OF
HUNTINGTON POLICE DEPARTMENT,
a municipal corporation; JOSH NIELD,
individually and in his official capacity;
ST. MARY'S MEDICAL CENTER, INC., d/b/a
ST. MARY'S MEDICAL CENTER,

    Defendants.

### AFFIDAVIT OF MELISSA L. BLAGG, RN

Comes now Melissa L. Blagg, RN, and, after being duly sworn, states as follows:

1. On January, 11, 2014 I was employed as a registered nurse in the Emergency Department at St. Mary's Medical Center in Huntington, West Virginia.

2. On that date, at approximately 11:00 a.m., I assumed the care of patient Annie L. Earle.

3. A mental hygiene assessment had been initiated for Ms. Earle prior to my assumption of her care.

4. At the time I assumed Ms. Earle's care, Ms. Earle was undergoing a mental hygiene evaluation by Bobbi Adams, RN. At some point subsequent to the evaluation, a mental hygiene petition was filed with respect to Ms. Earle.

5. At approximately 4:41 p.m., on January 11, 2014, while the mental hygiene petition was pending, Ms. Earle left the St. Mary's Medical Center emergency

1

department against medical advice. At the time she left the St. Mary's Medical Center premises, Ms. Earle was alone and on foot.

6. I was concerned for Ms. Earle's safety at the time she left the St. Mary's Medical Center premises, due to her mental status and in light of the fact that she was alone and on foot.

7. I contacted Cabell County 911 to report that Ms. Earle had left St. Mary's Medical Center against medical advice, during the pendency of a mental hygiene petition, as instructed by my charge nurse.

8. At no time did I represent to 911 that a Mental Hygiene Order was in place for Ms. Earle.

9. At no time did I request that Ms. Earle be brought back to St. Mary's Medical Center.

10. At the time I contacted Cabell County 911 I was not aware of the outcome of Ms. Earle's Mental Hygiene Petition.

11. To my knowledge, I had never met or interacted with Ms. Earle prior to January 11, 2014 and I had absolutely no reason or motivation to misrepresent her status or the status of the pending Mental Hygiene Petition at the time of my call to 911.

12. Only after placing the call to Cabell County 911 did I learn of the denial of Ms. Earle's Mental Hygiene Petition.

13. When Ms. Earle was brought back to the St. Mary's Medical Center emergency department later in the day on January 11, 2014 by a Huntington Police Officer, the officer was advised that Ms. Earle's Mental Hygiene Petition had been denied.

Further, this affiant saith naught.

2

Signature: _____
/Melissa L. Blagg

STATE OF West Virginia
COUNTY OF Cabell

I, the undersigned, a Notary Public of the aforesaid County and State, do hereby certify that Melissa L. Blagg personally appeared before me this day and duly executed the foregoing instrument.

Witness my hand and official stamp or seal, this 16th day of July, 2015.

_____
Notary Public

My Commission Expires:

April 26, 2022
[Official Seal]

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
JANE COX
NELSON MULLINS RILEY & SCARBOROUGH LLP
949 THIRD AVENUE/SUITE 200
HUNTINGTON, WV 25701
My Commission Expires APRIL 26, 2022

3

# Exhibit C

Jan 11 2014 06:44PM CRU West 13043990023                page 2

IN THE CIRCUIT COURT OF **Cabell** COUNTY, WEST VIRGINIA

IN RE: Involuntary Hospitalization of: **Annie Earle**, RESPONDENT

Date: **1/11/14** Applicant: **Bobbi Adams** Case No. **14-MH-37**

/s/PAUL T. FARRELL

### ORDER / NOTICE:
### DENIAL OF APPLICATION FOR INVOLUNTARY CUSTODY FOR MENTAL HEALTH EXAMINATION
[W.Va. Code: §27-5-2]

It is hereby ORDERED that the application submitted in this matter is DENIED. The basis for such denial is [initial appropriate reason(s)]:

_____ The application is unreadable.

_____ There is no allegation the Respondent is addicted or mentally ill.

_____ Insufficient facts alleged supporting the claim the Respondent is addicted or mentally ill.

_____ There is no allegation the Respondent is likely to cause serious harm to him/her self and/or others.

__X__ Insufficient facts alleged supporting the claim the Respondent is likely to cause serious harm to self and/or others.

_____ The Respondent is not a resident of, nor was Respondent found in, _____ County, West Virginia.

_____ Answers to the following numbered questions in the application are incomplete and require additional information:
_____

_____ Other reason(s): _____

This denial means the application, as presented, is not legally sufficient under the provisions of W.Va. Code: § 27-5-2. You may contact the Office of the Prosecuting Attorney of **Cabell** County should you need advice or assistance. The Court or Clerk is not permitted to provide legal advice. The Mental Hygiene Commissioner, Judge or Magistrate signing this Order is not permitted to discuss this denial or the case with you.

The **Prestera** MENTAL HEALTH CENTER provides 24-hour emergency crisis intervention services which may help in this case. You should contact that facility for further assistance if you still believe there is a serious mental health or addiction problem which requires attention.

**VO per Paul Biser**       4:55pm
MENTAL HYGIENE COMMISSIONER / CIRCUIT JUDGE / MAGISTRATE

A copy of this ORDER / NOTICE has been delivered to the Applicant by: _____

CLERK / COMMISSIONER / JUDGE / MAGISTRATE

SCA-MH 902 / 6-06       DENIAL ORDER   Page 1 of 1

American Legalnet, Inc.
www.FormsWorkflow.com

Plaintiff 000023