**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISON**

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE of ANNIE EARLE, deceased,

      Plaintiff,

v.                                                                    Civil Action: 3:14-29536

CITY OF HUNTINGTON, d/b/a CITY OF
HUNTINGTON POLICE DEPARTMENT,
a municipal corporation; JOSH NIELD,
individually and in his official capacity;
ST. MARY'S MEDICAL CENTER, INC., d/b/a
ST. MARY'S MEDICAL CENTER,
TAMMY PEYTON, individually and in her official capacity,
TARA RAMSEY, individually and in her official capacity,
BOBBI ADAMS, individually and in her official capacity,
MELISSA BLAGG, individually and in her official capacity,
ANDREA HEATH, individually and in her official capacity,
CABELL COUNTY 911, CABELL COUNTY COMMISSION,
TED GRANT, individually and in his official capacity,
PATRICK WATKINS, individually and in his official capacity,

      Defendants.

**THIRD MOTION TO COMPEL DISCOVERY RESPONSES**
**FROM DEFENDANT CITY OF HUNTINGTON**

Now comes the plaintiff, Lumumba Earle, individually and as the Personal

Representative of the Estate of Annie Earle, deceased, by and through counsel, Richard W.

Weston, and moves the Court for an Order compelling defendant City of Huntington to respond

to discovery requests. In support thereof, the Plaintiff states as follows:

1.  Plaintiff served "PLAINTIFF LUMUMBA EARLE'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO DEFENDANT HUNTINGTON POLICE DEPARTMENT," on March 13, 2015.

2.  Plaintiff did not receive an answer to these requests.

3.  On June 2, 2015, Plaintiff filed a motion to compel the answers.  (Doc. 63).

4.  The defendant did not respond to the motion to compel.

5.  On July 14, 2015, United States Magistrate Judge Dwane L. Tinsley issued an Order granting the motion to compel and directing the defendant to answer the discovery within fourteen days.

6.  Defendant complied with this Order and answered the discovery.  However, the answers were insufficient.

7.  On August 18, 2015, undersigned counsel wrote defendant's counsel a letter outlining the deficiencies in the discovery answers.  Exhibit 1.

8.  Receiving no response, on or about September 21, 2015, undersigned counsel left a voice message with defendant's counsel to discuss the matter.

9.  Plaintiff's counsel received an email in response asking what supplemental information was needed.  Plaintiff's counsel resent the letter outlining the deficiencies.

10. Receiving no supplemental answers or response, undersigned counsel called defendant's counsel again on September 30, 2015, regarding the matter.  Counsel did not receive a response.

11. On or about October 2, 2015, Plaintiff filed a Second Motion to Compel, seeking an Order to require the Defendant to produce the pre-polygraph questionnaire of Defendant

Nield, and the missing documents from Defendant Nield's personnel file and internal affairs file.

12. On or about October 8, 2015, Defendant did supplement their responses with the pre-polygraph questionnaire.

13. To avoid further Court intervention on or about October 27, 2015, counsel for the Plaintiff and the Defendant HPD agreed to the production of the other documents pending the evidence contained in Defendant Nield's personnel file and internal affairs file being presented to a grand jury within a week of the agreement to produce.

14. To date these documents still have not been produced.

15. Counsel for Defendant HPD is still claiming privilege and has not producing the documents.

16. Defendant also states that these documents are redacted from officer Nield's personnel file and internal affairs file because they are subject to an ongoing investigation. For background, Officer Nield was fired from the Huntington Police Department for an incident other than the one complained of in this case. Plaintiff presumes the documents relate to that matter. Plaintiff is unaware of any "privilege" for an ongoing investigation as it relates to the HPD internal documents. Upon information and belief the incident is being investigated by the FBI and not the Huntington Police Department. Furthermore, the internal affairs file would document policy and procedure violations not criminal violations. It appears defendant is making an objection and trying to phrase it as a privilege. Furthermore, Nield has already been fired by HPD so any internal affairs filed regarding the matter is complete. These materials are highly relevant to this case as they demonstrate

officer Nield's complete failure to abide by the rules and regulations of HPD.  Furthermore,

plaintiff believes they will also display the credibility problems of officer Nield.

Therefore, the Plaintiff respectfully moves this honorable Court to issue an Order

compelling the Defendant to respond to the discovery requests and any other relief this

Court deems necessary.


LUMUMBA EARLE,
An Individual,


By Counsel:   /s/Richard W. Weston_____
Richard W. Weston (WVSB # 9734)
WESTON LAW OFFICE
337 Fifth Avenue
Huntington, WV 25701
(304) 522-4100


4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISON

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE of ANNIE EARLE, deceased,

       Plaintiff,

v.                                                                  Civil Action: 3:14-29536

CITY OF HUNTINGTON, d/b/a CITY OF
HUNTINGTON POLICE DEPARTMENT,
a municipal corporation; JOSH NIELD,
individually and in his official capacity;
ST. MARY'S MEDICAL CENTER, INC., d/b/a
ST. MARY'S MEDICAL CENTER,
TAMMY PEYTON, individually and in her official capacity,
TARA RAMSEY, individually and in her official capacity,
BOBBI ADAMS, individually and in her official capacity,
MELISSA BLAGG, individually and in her official capacity,
ANDREA HEATH, individually and in her official capacity,
CABELL COUNTY 911, CABELL COUNTY COMMISSION,
TED GRANT, individually and in his official capacity,
PATRICK WATKINS, individually and in his official capacity,

       Defendants.

### CERTIFICATE OF SERVICE

I, Richard W. Weston, do hereby certify that on this 29th day of July 2016, I electronically filed the foregoing "**THIRD MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT CITY OF HUNTINGTON** ," with the court using the CM/ECF system which will send notification of such filing to the below counsel of record:

    Steve Nord, Esquire
    Offutt Nord Burchett
    PO Box 2868

5

Huntington, WV 25728
sknord@onblaw.com

Robert M. Sellards, Esquire
Marvin "Chip" Capehart, II, Esquire
J. Lauren H. Savory, Esquire
Nelson Mullins Riley & Scarborough LLP
PO Box 1856
Huntington, WV 25719-1856

Lee Murray Hall, Esq.
Nathanial A. Kuratomi, Esq.
Jenkins Fenstermaker, PLLC
PO Box 2688
Huntington, WV 25726


/s/ Richard W. Weston
Richard W. Weston
WESTON LAW OFFICE
West Virginia State Bar No. 9734
337 Fifth Avenue
Huntington, West Virginia 25701
Phone: (304) 522-4100