IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**LUMAMBA EARLE, individually
and as the Personal Representative
of the ESTATE OF ANNIE EARLE,
deceased,**

      **Plaintiff,**

      v.                              Civil Action No. 3:14-cv-29536

**CITY OF HUNTINGTON d/b/a
CITY OF HUNTINGTON POLICE DEPARTMENT,
a municipal corporation, et al.,**

      **Defendants.**

## ORDER

Pending before the Court are Plaintiff's Third Motion to Compel Discovery Responses from Defendant City of Huntington (ECF No. 174), Defendant, City of Huntington's, Response in Opposition to Plaintiff's Third Motion to Compel (ECF No. 181) and Plaintiff's Reply (ECF No. 184). On January 12, 2017, a hearing was held before this Court and oral arguments were presented by counsel for the parties.

Plaintiff's Third Motion to Compel asserts that the outstanding discovery request seeks "missing documents from Defendant Nield's[1] personnel file and internal affairs file" (ECF No. 174). Plaintiff argues that he has never issued a subpoena to the Department of Justice for its criminal investigative file because he only seeks Defendant City of Huntington's (hereinafter Defendant City) internal investigation file related to the subsequent incident[2] (ECF No. 184).

Defendant City avers that the only outstanding request seeks "Internal Affairs File 'IAX

---

[1] Defendant Josh Nield is hereinafter Defendant Nield.
[2] Plaintiff's incident occurred on January 11, 2014. The subsequent incident occurred on March 15, 2015.

1

15-13' Related to Defendant Nield's Termination of Employment for Subsequent Unrelated Incident" (ECF No. 181). Defendant City claims privilege asserting that these documents are redacted from Defendant Nield's personnel file and internal affairs file because they are subject to an ongoing Department of Justice (DOJ) investigation. Defendant City asserts that disclosing a pending DOJ investigation, without specific clearance from the DOJ, is improper and unwarranted. (*Id.*) Additionally, Defendant City avers that the documents requested are "not discoverable, irrelevant and highly prejudicial" because the information sought "centers upon an incident that occurred Fourteen (14) months after the litigated event." (*Id.*) Defendant City states that the subsequent incident cannot be used to support the allegations of this claim because the DOJ investigation "has nothing to do with Plaintiff's case" as it occurred after the present case was filed. Defendant City asserts that Plaintiff's Third Motion to Compel is a fishing expedition designed to uncover confidential and irrelevant information for no legitimate reasons. (*Id.*)

At the hearing, Defendant City's counsel asserted that it does not object to producing personnel files and internal affair files when the investigation has concluded. Defendant City's counsel stated that if the investigation into the subsequent incident that led to Defendant Nield's termination were concluded, Defendant City would produce the requested information. In Defendant City's Response in Opposition to Plaintiff's Third Motion to Compel, Defendant City asserts that this Court has addressed the discoverability of police investigative materials in *Wolfe v. Greene*, 257 F.R.D. 109, 2009 U.S. Dist. LEXIS 30884 (S.D. W.Va., April 9, 2009). Under *Wolfe*, this Court held that a court must undertake a balancing test to determine the discoverability of the requested information. The factors favoring nondisclosure are:

1. The threat to police officers' own safety;
2. The invasion of the police officers' privacy;
3. The weakening of law enforcement programs by revealing police tactics or evidence;

2

4. Possible chilling of police internal investigative candor;
5. Possible chilling of citizen complainant candor; and
6. State privacy law.

The factors favoring disclosure pursuant to *Wolfe* are:

7. The relevance to the plaintiff's case;
8. The importance to the plaintiff's case;
9. The strength of the plaintiff's case; and
10. The importance to the public interest (the most important factor).
    *Wolfe,* citing *King v. Conde*, 121 F.R.D. 180, at 191-194 (E.D.N.Y. 1988)

Defendant City asserts that pursuant to the balancing test in *Wolfe*, the requested information is not discoverable for the following reasons:

> To utilize the factors set forth above, a disclosure of the HPD/DOJ investigative file jeopardizes Defendant Nield's safety and privacy because he does not know what, if any, charges may be brought from that subsequent incident. Meddling in that investigation may influence the ultimate outcome and cause unnecessary disclosure of private and unrelated information. *(Elements 1 & 2)*. Furthermore, a disclosure of the HPD/DOJ investigative file will potentially influence the investigative candor of not only that investigation but all subsequent investigations *(Element 4)*. It may weaken the internal affairs programs by revealing the manner in which evidence is utilized between these departments *(Element 3)*. Likewise, the disclosure would necessarily bring about additional investigation by Plaintiff's counsel into the involvement of those individual citizens, chilling their candor and deterring the general citizen candor needed for effective internal investigation. *(Element 5)*.
>
> In further support of nondisclosure, the HPD/DOJ investigative file has absolutely nothing to do with Plaintiff's case. It cannot be considered "important" to the Plaintiffs allegations because it occurred after this litigation was filed. *(Element 8)*. It has no relevance to the Plaintiff's case because there are simply no comparable facts to the litigated event; even assuming a scintilla of relevance, which does not exist, disclosure would be greatly outweighed by the danger of unfair prejudice. *(Element 7)*. Moreover, while there is always dispute as to the strength and weaknesses of any case, this case is certainly defensible and does not carry enough

3

> strength to weigh this factor in favor of disclosure. *(Element 9)*. Lastly, the public interest would favor nondisclosure, as stated above, because the legitimacy and candor of that process would be improperly targeted in furtherance of this unrelated civil action.

The undersigned finds that pursuant to the balancing test in *Wolfe*, the information sought is discoverable. Factors 7 through 10 favoring disclosure due to relevance, importance and strength in Plaintiff's case outweighs the factors favoring nondisclosure. The undersigned is not persuaded by Defendant City's assertion of factors 1 through 6. Defendant Nield's employment has already been terminated and the internal investigation has been concluded. Therefore, the possibility of chilling police internal investigative candor and citizen complainant candor which has already occurred does not outweigh the importance and relevance of this information to Plaintiff's case. Additionally, Defendant City has failed to demonstrate how producing documents of its internal investigation of a subsequent incident would have any effect on the DOJ's ongoing investigation.

At the hearing, Plaintiff's counsel asserted that the internal affairs file would document policy and procedure violations, not criminal violations. Plaintiff's counsel argued that Plaintiff is unaware of any privilege for an ongoing investigation as it relates to Defendant City's internal documents. Plaintiff's Reply asserts:

> *Wolfe* cites *King v. Conde*,[3] for the factors favoring disclosure as: (a) the relevance to the plaintiff's case; (b) the importance to the plaintiff's case; (c) the strength of the plaintiff's case; and (d) (the most important factor), the importance to the public interest. *Id*., at 194-95.
>
> Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. In the case at bar, Mr. Neild and Annie Earle were the only people in the

---

[3] *King v. Conde*, 121 F.R.D. 180 (E.D. N.Y. 1988).

> room when he killed her. He states it was an accident. Plaintiff's theory of the case is that Mr. Neild was a rogue cop that did whatever he wanted to citizens, especially women citizens that he could intimidate. It was not an accident or mistake that officer Nield violated the Fourth Amendment rights of the college girls he sexually assaulted. It was a deliberate action that he intended to occur. Likewise, it was not an accident that Nield killed Annie Earle while violating her Fourth Amendment rights. It was a deliberate, intentional killing. Unfortunately, Ms. Earle is no longer alive to tell the jury about her killing. One way that plaintiff will prove this act was intentional is by the nurse's statement that Mr. Nield had Ms. Earle on the ground with his hand around her throat calling her a "dumb fuckin bitch." Another way plaintiff will prove that the killing was intentional, is by the 404(b) evidence of the girls' constitutional rights being violated. In the Fourth Circuit, 404(b) evidence can be subsequent to the act at issue. See *United States v. Briley*, 770 F.3d 267 (4th Cir., 2014). Indisputably, the evidence is relevant. Whether it is admissible at trial is for another day and not the decision to be made in producing the documents (ECF No. 184).

Defendant City asserts that the requested information is not "important" to Plaintiff's allegations because the occurrence on March 15, 2015, happened after the present matter was filed (ECF No. 181). Defendant City asserts that the requested information has no relevance to Plaintiff's case and that the danger of unfair prejudice outweighs Plaintiff's request for disclosure.

Under Federal Rule of Evidence 404(b), evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with character. Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In *Briley*, the Fourth Circuit held:

> It is true that we make "no distinction" between prior and subsequent bad acts under Rule 404(b), *United States v. Lighty*, 616 F.3d 321, 352 n. 33 (4th Cir. 2010), with the timing of the act often being a matter of evidentiary weight for the jury, see *Hudleston v. United States*, 485 U.S. 681, 689, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988);

5

*United States v. Hadaway*, 681 F.2d 214, 217-218 (4th Cir. 1982).

The analysis of whether to introduce Rule 404(b) evidence is a balancing of the probative value and prejudicial nature of the evidence. See Fed. R. Evid. 403; *Briley* citing *United States v. Queen*, 132 F. 3d 991, at 997 (holding that, as part of the Rule 404(b) inquiry, "the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process"). In the present matter, Plaintiff asserts that the evidence is discoverable to demonstrate that Plaintiff's death was a result of a deliberate act by Defendant Nield. In weighing the probative value of the information against the unfair prejudice that may result, the undersigned finds that the evidence is relevant, however, that does not necessarily render the information admissible at trial.

Civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated. Further, issues are defined, sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed.R.Civ.P. 26(b)(1).

Historically, the rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979); and *Hickman v.*

*Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947). However, Fed. R. Civ. P. 26 was amended in 2015 to include proportionality in the discovery process.  Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" EEOC v. Sheffield Fin. LLC, No. 1:06CV889, 2007 U.S. Dist. LEXIS 43070, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Discovery is generally limited therefore to non-privileged information which is relevant to any party's claims or defenses and relevant information which is admissible at trial or might reasonably lead to the discovery of information which is admissible at trial. *See State ex rel. Erie Ins. Property and Cas. Co. v. Mazzone*, 218 W.Va. 593, 596, 625 S.E.2d 355, 358 (2005) (A threshold issue regarding all discovery requests is relevancy. This is so because "[t]he question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried." quoting Syllabus Point 4 of *State Farm Mut. Auto. Ins. Co. v. Stephens*, 188 W.Va. 622, 425 S.E.2d 577 (1992).)

When parties request relevant, non-privileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . ." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
> **(C)** *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

The Rules anticipate that each objection to a discovery request will state precisely why the request is objectionable in view of the claims and defenses presented in the litigation. In most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties' claims and defenses, (2) a summary of the applicable statutory and/ or case law upon which the parties' claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections. *Sabol v. Brooks*, 469 F.Supp.2d 324, 328 (D.Md. 2006).

The undersigned finds that the documents requested might reasonably lead to the discovery of information which is admissible at trial pertaining to Plaintiff's claim. Defendant City has not presented an objection that is appropriate under Federal Rule of Civil Procedure 34 because Defendant City has not made the basis of the privilege asserted clear. Therefore, the documents requested are relevant and discoverable.

A party asserting privilege has the burden of demonstrating its applicability. *See United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). In the present case, Defendant City has failed to demonstrate what privilege prevents the internal affairs file by Defendant City, not the DOJ, from being produced. Although the Defendant City argues privilege, a specific privilege has not

been demonstrated.

Accordingly, Plaintiff's Third Motion to Compel Discovery Responses from Defendant City of Huntington (ECF No. 174) is **GRANTED**.  Defendant, City of Huntington's, Response in Opposition to Plaintiff's Third Motion to Compel (ECF No. 181) is **DENIED**.  The undersigned **DIRECTS** Defendant City of Huntington to provide complete and accurate responses **within two weeks of receipt of this Order**.  At this time, parties shall bear their own costs in bringing this matter before Court.

The Clerk is directed to forward a copy of this Order to counsel of record and any unrepresented party.

Enter:  January 25, 2017

_____
Dwane L. Tinsley
United States Magistrate Judge