IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE of ANNIE EARLE, deceased,

              Plaintiff,

v.                                                    CIVIL ACTION NO.   3:14-29536

CITY OF HUNTINGTON, d/b/a CITY OF
HUNTINGTON POLICE DEPARTMENT,
a municipal corporation, et al.,

              Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court are objections (ECF No. 236) by Defendant City of Huntington
(Defendant) to Magistrate Judge Dwane L. Tinsley's Order Granting Plaintiff's Third Motion to
Compel.   The Court has reviewed the Magistrate Judge's Order and finds a hearing on the issue
unnecessary.   For the following reasons, Defendant's objections are **DENIED**, and the Magistrate
Judge's Order (ECF No. 233) is **AFFIRMED**.

I.       **Background**

This case is brought by Annie Earle's estate, which alleges that Defendants caused Ms.
Earle's wrongful death on January 11, 2014.   *See Third Am. Compl.*, ECF No. 111.   The parties
currently disagree about the Magistrate Judge's Order granting Plaintiff's Third Motion to Compel
Discovery Responses from Defendant.   *See Pl.'s Third Mot. to Compel*, ECF No. 174.   Plaintiff's
outstanding discovery request asks for "missing documents from Defendant [Josh] Nield's
personnel file and internal affairs file."   *Id.* at 3.   Defendant clarified in its Response that the only

remaining document at issue is the "Internal Affairs File 'IAX 15-13' Related to Defendant Nield's Termination of Employment for Subsequent Unrelated Incident." *Def.'s Resp. in Opp. to Pl.'s Third Mot. to Compel*, ECF No. 181, at 5. The requested file contains an internal investigation on a subsequent incident involving Defendant Nield and sexual assault allegations. *See Pl.'s Resp.*, ECF No. 241, at 3. Defendant objected to producing the internal affairs file, claiming that production during an ongoing Department of Justice (DOJ) investigation would be improper and that the file, which details an incident occurring fourteen months after the alleged event in this litigation, is irrelevant. *Def.'s Resp. in Opp. to Pl.'s Third Mot. to Compel*, ECF No. 181, at 5.

Magistrate Judge Tinsley held a hearing on January 12, 2017 and issued the challenged order on January 25, 2017. The Magistrate Judge applied the factors outlined in *Wolfe v. Greene* to determine whether the requested police personnel information is discoverable. 257 F.R.D. 109 (S.D.W. Va. 2009) (applying factors set in *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988)); *see also Mag. Judge Order*, ECF No. 233, at 2-3. Finding that the factors favored disclosure, the Magistrate Judge noted Defendant's completing the internal investigation on Defendant Nield and failure to cite to any effect on the DOJ investigation if the internal affairs report was disclosed, and found only the slim likelihood that disclosure would chill future investigations. *Mag. Judge Order*, ECF No. 233, at 4. The Magistrate Judge found the evidence relevant but recognized that relevance does not automatically equate to admissibility at trial. *Id.* at 6.

Defendant objects to the Magistrate Judge's legal conclusion that the factors from *Wolfe* balanced in favor of disclosure. Defendant argues that the factors favoring nondisclosure outweigh the factors favoring disclosure. *Def.'s Obj.*, ECF No. 236, at 7. Specifically, Defendant focuses on jeopardizing the privacy rights of Defendant Nield and the alleged victims included in the internal investigation, the ongoing DOJ investigation and how disclosure could

impact and influence its outcome, the potential weakening of the internal affairs program, and the possible chilling effect on individual citizens reporting complaints to authorities.  *Id.* at 8-9. Ultimately, Defendant labels the discovery request as "a fishing expedition designed to uncover confidential and irrelevant information for no legitimate purpose."  *Id.* at 10.

## II.    Standard of Review

Defendant moves for review under Federal Rule of Civil Procedure 72(a).   After a magistrate judge issues a written order on a referred non-dispositive issue of the case, the "party may serve and file objections to the order within 14 days after being served with a copy.  …   The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."   Fed. R. Civ. P. 72(a).   Under this Court's Standing Order pursuant to 28 U.S.C. § 636, all discovery matters are referred to magistrate judges. ECF No. 2.   The Fourth Circuit determined that the "clearly erroneous" standard "is deferential and that findings of fact should be affirmed unless the reviewing court's view of the entire record leave[s] the Court 'with the definite and firm conviction that a mistake has been committed.'" *Felman Prod., Inc. v. Indus. Risk Insurers*, Civ. No. 3:09-0481, 2010 WL 2944777, at *3 (S.D.W. Va. July 23, 2010) (quoting *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985) (abrogated on other grounds)) (other citations omitted).   When reviewing the magistrate judge's order for a "pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard."   *Id.* (quoting *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)).   There is, thus, "no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard."   *Id.* (citation omitted).

## III.    Discussion

The Magistrate Judge's determination that the evidence is discoverable stems from the balancing of the *Wolfe* factors and, therefore, should be reviewed as a matter of law.   The Court has reviewed the briefs submitted to the Magistrate Judge in Plaintiff's Third Motion to Compel and the briefs regarding Defendant's objections to the Magistrate Judge Order.   Although the Magistrate Judge highlighted Defendant's conclusory statements that lacked detailed support in the Order, Defendant continues to make the same arguments in its objections.   *See, e.g.*, *Mag. Judge Order*, ECF No. 233, at 4 ("Defendant City has failed to demonstrate how producing documents of its internal investigation of subsequent incident would have any effect on the DOJ's ongoing investigation.").   The Court has conducted a de novo review of the *Wolfe* factors, and agrees with the Magistrate Judge that the internal investigation file is discoverable.

In *Wolfe*, this Court balanced ten factors to determine whether requested information from police personnel files was discoverable.   Six factors favor nondisclosure, including: the threat to the police officer's safety; the invasion of the police officer's privacy; the decreased effectiveness of law enforcement programs from revealing internal tactics; the potential chilling of the candor in a police internal investigation; the potential chilling of citizens' candor in reporting complaints; and state privacy laws.   *Wolfe*, 257 F.R.D. at 112.   Four factors favor disclosure, including: the relevance of the information to the plaintiff's case; the importance of the information to the plaintiff's case; the strength of the plaintiff's case; and the importance to the public interest.   *Id.* The last factor has been determined the most important in a court's decision.   *Id.*   "The great weight of the policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery."   *Id.* (citation omitted).   In fighting for nondisclosure, therefore, "the defendants' case … must be extremely persuasive."   *Id.* (citation omitted).

Here, Defendant has failed to overcome the powerful policy presumption that broad discovery should be allowed.   Defendant's objections largely follow the same limited analysis as the briefs filed for the Magistrate Judge on the original motion.   *See Def.'s Obj.*, ECF No. 236. Plaintiff challenges these bare assertions in the Response, and Defendant attempts to explain in a more detailed Reply why the six factors favor nondisclosure.   *See Pl.'s Resp.*, ECF No. 241, at 6-9; *Def.'s* Reply, ECF No. 247, at 6-8.   Defendant argues that the potential of future indictments and the possibility that Defendant Nield may have to abandon his rights to defend himself in any subsequent litigation somehow affect Defendant Nield's safety.   *Def.'s Reply*, ECF No. 247, at 6. In regards to the third factor, Defendant wants the Court to assume "that anyone under investigation for rape would be interested in police tactics and evidence used to prosecute such a crime."   *Id.* at 7.   Defendant asserts that the fourth factor weighs in favor of nondisclosure because there is concern that the DOJ investigation will somehow be affected, and disclosure will prevent an impartial investigation.   *Id.* at 7.   The Court finds these arguments unpersuasive as Defendant has failed to demonstrate how a report from an internal affairs investigation, which has concluded, could affect the officer's safety, the DOJ investigation, or provide tactical details on how police investigate rape allegations.   The Defendant's analysis remains cursory and does not amount to an extremely persuasive argument to justify nondisclosure.   The Court agrees that the second factor on Defendant Nield's privacy, the fifth factor on chilling of citizens' complaints, and the sixth factor on privacy laws weigh in Defendant's favor.   However, these three factors are outweighed by the relevance, the importance, and the strength of Plaintiff's case when combined with the public interest.   The Court agrees with the Magistrate Judge's conclusion that the internal affairs file would highlight other policy and procedure violations committed by Defendant Nield, which are relevant to show Defendant Nield's alleged failure to follow constitutional requirements.

Although the Court finds the information relevant, the Court reserves a ruling on the admissibility of the information for trial.

The Court is further persuaded to affirm the Magistrate Judge's Order by Defendant's concession that it would produce the internal affairs file if the subsequent DOJ investigation concluded. *Mag. Judge Order*, ECF No. 233, at 2 ("Defendant City's counsel stated that if the investigation into the subsequent incident that led to Defendant Nield's termination were concluded, Defendant City would produce the requested information."). This concession negates many of Defendant's arguments that the file invades the privacy of the officer and alleged victims and presents safety concerns. If Defendant would release the file after investigation, the only factor favoring nondisclosure left is the potential chilling effect on investigative candor. The Court is not convinced that the DOJ will alter its investigation because the internal affairs file— only part of its investigation—is disclosed in another civil matter. Moreover, the Court finds that this factor alone would not outweigh the factors favoring disclosure.

The Court, therefore, **AFFIRMS AND INCORPORATES** the Magistrate Judge's Order requiring Defendant to disclose the internal affairs file. The Court **DIRECTS** Defendant to provide a complete and accurate response to Plaintiff's discovery responses **within two weeks of receipt of this Order**. To further alleviate the privacy and safety concerns the Court finds credible, the Court further **DIRECTS** Defendant to **REDACT** the names and addresses of the alleged victims from the report and redact any reference to Defendant Nield's personal address. *See King*, 121 F.R.D. at 198 (redaction of documents permitted when "revelation may interfere with privacy without substantial advantage to the plaintiff").

### IV.     Conclusion

Accordingly, the Court **AFFIRMS** the Magistrate Judge's determination that the internal investigation file in question is relevant to the instant case and discoverable.   Defendant's objections (ECF No. 236) are **DENIED**.   The Court **DIRECTS** Defendant City of Huntington to provide complete and accurate responses to Plaintiff's discovery requests with the caveat that the names and addresses of the alleged victims from the subsequent incident on or about March 14, 2015 shall be **REDACTED** along with Defendant Nield's personal address.   Defendant shall produce such information to Plaintiff **within two weeks of receipt of this Order**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:          February 23, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE