# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON

**LUMUMBA EARLE, individually and as
the Personal Representative of the
ESTATE OF ANNIE EARLE, deceased,**

      **Plaintiff,**

v.                                     **CIVIL ACTION NO. 3:14-cv-29536**

**CITY OF HUNTINGTON, d/b/a
CITY OF HUNTINGTON POLICE DEPARTMENT,
A municipal corporation, JOSH NIELD, individually
And in his official capacity, ST. MARY'S MEDICAL CENTER,
TAMMY PEYTON, individually and in her official capacity,
TARA RAMSEY, individually and in her official capacity,
BOBBI ADAMS, individually and in her official capacity,
MELISSA BLAGG, individually and in her official capacity,
ANDREA HEATH, individually and in her official capacity,
CABELL COUNTY 911, CABELL COUNTY COMMISSION,
TED GRANT, individually and in his official capacity,
PATRICK WATKINS, individually and in his official capacity,**

      **Defendants.**

## ORDER

Pending before the Court is Mildred Mitchell-Bateman Hospital's Motion for Determination that the Documents Subject to Subpoena are Sufficiently Relevant to Outweigh the Importance of Confidentiality (ECF No. 231).

On December 20, 2016, Defendants St. Mary's Medical Center, Inc., d/b/a St. Mary's Medical Center, Tammy Peyton, Tara Ramsey, Bobbi Adams, Melissa Blagg and Andrea Heath (hereinafter collectively Defendants) filed a Notice of Intent to Serve Subpoena *Duces Tecum* on Mildred Mitchell-Bateman Hospital (ECF No. 223). A copy of the subpoena was attached to the Notice (ECF No. 223-1). The subpoena *duces tecum* directs Mildred Mitchell-Bateman Hospital to produce "complete copies of any and all records, writing, correspondence, memoranda, notes

1

and any other documentation but not limited to, handwritten and transcribed notes of all doctors, nurses, technicians, therapists, counselors, social workers and all other medical personnel, pertaining to Annie Earle." (*Id.*)

The copy of the subpoena *duces tecum* included a description of applicable Federal Rule of Civil Procedure 45 which included 45(d)(2)(B):

> *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises-or to producing electronically stored information in the form or forms requested.

On December 21, 2016, a Return of Service on Subpoena for Mildred Mitchell-Bateman Hospital (ECF No. 224) was filed. On January 13, 2017, Mildred Mitchell-Bateman Hospital filed a Motion for Determination that the Documents Subject to Subpoena are Sufficiently Relevant to Outweigh the Importance of Confidentiality (ECF No. 231). The Motion asserts that because the subpoena *duces tecum* requests the disclosure of confidential patient information, Mildred Mitchell-Bateman Hospital seeks this Court to enter an order making a specific finding as to whether the requested information shall be disclosed. (*Id.*) The Motion states that the disclosure of confidential patient information is governed, in part, under W.Va. Code § 27-3-1(b)(3), which provides that "Confidential information shall not be disclosed, except: pursuant to an order of any court based upon a finding that the information is sufficiently relevant to a proceeding before the court to outweigh the importance of maintaining the confidentiality established by this section."

The Motion asserts that the appropriate procedure for requesting such a determination from the court is set forth under West Virginia Code of State Regulations 64 CSR 59 subdivision 11.2.1c, which provides that "Once a subpoena is received it is the duty of the custodian of the records to request a determination from the court having jurisdiction to make this finding before

the records are provided." Mildred Mitchell-Bateman Hospital asserts that before it can disclose the confidential information requested in the subpoena *duces tecum* a court order is required making the specific finding that the requestor's need for the information outweighs the need to keep the information confidential. (*Id.*)

Federal Rules of Civil Procedure

Rule 45 of the Federal Rules of Civil Procedure deals with the subpoena practice in federal district court. Federal Rule of Civil Procedure 45(d)(3) requires a district court to quash or modify a subpoena *duces tecum* when "on motion" compliance: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Wright, Miller & Marcus, *Federal Practice and Procedure*, Civ. 3d § 2459.

Federal Rules of Civil Procedure, Rule 26(b)(1) permits very broad discovery, encompassing any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Young v. State Farm Mut. Auto Ins. Co.*, 169 F.R.D. 72, 1996 U.S. Dist. LEXIS 19923 (S.D.W.Va. 1996); *Jackson v. Kroblin Refrigerated Xpress, Inc.*, 49 F.R.D. 134, 1970 U.S. Dist. LEXIS 12851 (N.D.W.Va. 1970). Discovery should be broad and any relevant materials, including those reasonably calculated to lead to admissible evidence, should be accessible. *See Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947). The court should thus consider whether the materials sought are relevant to the plaintiff's cause of action. Discovery is of broader scope than admissibility, and discovery may be had of

inadmissible matters. *See Trammel v. United States,* 445 U.S. 40, 48, 100 S. Ct. 906, 911, 63 L. Ed. 2d 186 (1980). The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case. *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 (N.D.W. Va. 2000) (citing *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 350, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

## Discussion

This Court has previously held that information is relevant, for purposes of discovery, and thus discoverable, if it "bears on, or… reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Although 'the pleadings are the starting point from which relevancy and discovery are determined… [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.' Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes. Therefore, courts broadly construe relevancy in the context of discovery." *Robinson v. Quicken Loans, Inc., Wells Fargo Bank, N.A. and John Doe Holder*, Case No. 3:12-cv-00981 (Dec. 5, 2012); citing *Kidwiler v. Progressive Paloverde Ins. Co*., 192 F.R.D. 193, 199 (N.D.W.Va. 2000) (internal citations omitted).

## Conclusion

The burden of proving that a subpoena *duces tecum* imposes an undue burden is on the person who seeks to have it quashed as unreasonable or oppressive. See 9A Wright, Miller & Marcus, *Federal Practice and Procedure*, Civ. 3d § 2463.1  No party or non-party has filed any objections or sought to have the subpoena *duces tecum* quashed. Therefore, the undersigned finds that the probative value of the records subpoenaed substantially outweighs the importance of maintaining confidentiality. The Motion for Determination that the Documents Subject to

Subpoena are Sufficiently Relevant to Outweigh the Importance of Confidentiality (ECF No. 231) is **GRANTED** and it is hereby **ORDERED** that Mildred Mitchell-Bateman Hospital shall comply with the subpoena *duces tecum* dated December 20, 2016 (ECF Nos. 223-1, 224) as Defendants' need for the requested information outweighs the importance of maintaining the confidentiality established by statute and regulations.

The Clerk is instructed to provide a copy of this Order to counsel of record and counsel for Mildred Mitchell-Bateman Hospital.

ENTERED: April 10, 2017.

Dwane L. Tinsley
United States Magistrate Judge