IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE of ANNIE EARLE, deceased,

                 Plaintiff,

v.                                              CIVIL ACTION NO.  3:14-29536

CITY OF HUNTINGTON, d/b/a CITY OF
HUNTINGTON POLICE DEPARTMENT,
a municipal corporation, et al.,

                 Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Amend the Third Amended Complaint (ECF No. 255). Defendants filed two separate responses in opposition to this motion (ECF Nos. 258, 260), and the Court granted an extension for Plaintiff to file a reply (ECF Nos. 266, 267) to March 31, 2017. To date, Plaintiff has failed to file a reply or request for another extension. The Court has thoroughly reviewed Defendants' concerns regarding another amended complaint and agrees that such amendment would be futile. Accordingly, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Amend (ECF No. 255). As no party objected to the dismissal of Ted Grant as a defendant, the Court will allow Plaintiff to dismiss Ted Grant as a party, but the Court **DENIES** Plaintiff's Motion as to the other requested amendments.

To amend a pleading after the scheduling order's deadline has passed, the party seeking amendment must satisfy both Federal Rule of Civil Procedure 16(b)'s good cause standard for modifying the scheduling order and Rule 15(a)(2)'s standard for amending pleadings. *See*

*Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 496 (S.D.W. Va. 2003); *see also RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015); *Stanley v. Huntington Nat'l Bank*, 492 F. App'x 456, 461 (4th Cir. 2012); *Montgomery v. Anne Arundel Cty.*, 182 F. App'x 156, 162 (4th Cir. 2006). In this case, the Scheduling Order set March 30, 2015 as the deadline to amend pleadings. *See Scheduling Order*, ECF No. 44. Although Plaintiff can meet the Rule 16(b) standard, Plaintiff has failed to satisfy Rule 15(a)(2)'s standard for amending pleadings.

Applying Rule 16(b), the Court finds that Plaintiff acted with appropriate diligence in requesting these amendments. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Nester v. Hampton Inn Princeton*, Civ. No. 1:13-03336, 2013 WL 5425123, at *2 (S.D.W. Va. Sept. 26, 2013) (citations omitted); *see also Essential Hous. Mgmt., Inc. v. Walker*, 166 F.3d 332 (4th Cir. 1998) (noting 16(b) considers diligence of party seeking amendment, not lack of bad faith or prejudice to opposing party). Here, Plaintiff seeks to amend the complaint to add three claims against current Defendants: (1) additional negligence claim via agency theory in Count X against Defendant St. Mary's Medical Center, Inc. (Defendant St. Mary's) for the doctors' conduct in the ED Group; (2) factual allegations against Defendant Patrick Watkins (Defendant Watkins) in Count VII for false imprisonment; and (3) an additional fraud claim against Defendant Watkins in Count VIII. *See Pl.'s Mot. to Am.*, ECF No. 255, at 2. Plaintiff argues that her counsel acted diligently seeking these amendments because the information became available only after deposing Dr. Anna Corbin and Dr. Gregory Clarke and after a discovery extension revealed personnel files on Defendant Watkins. *Id.* at 2-3.

Defendant Watkins did not object to Plaintiff's diligence in seeking amendment for the two counts against him. Defendant St. Mary's, on the other hand, argues that Plaintiff failed to act diligently regarding the negligence claim. *See Def. St. Mary's Resp. in Opp.*, ECF No. 258, at 11-

13. Defendant St. Mary's argues that Plaintiff's expert, Dr. Chad Kovala, identified the physicians' failure to meet the proper standard of care prior to the depositions of Dr. Clarke and Dr. Corbin. *Id.* at 11-12 (noting that Dr. Kovala alluded to these violations in expert report). Defendant St. Mary's also asserts that a proper review of the medical record would have brought these new allegations to light and that Plaintiff's untimely amendment is too late to satisfy the diligence standard. *Id.* at 13. Dr. Kovala, however, explained in his deposition that the new allegations did not develop until he could review the doctors' depositions along with the medical record. *See Pl.'s Mot. to Am.*, ECF No. 255, at 3. The Court, therefore, finds that Plaintiff has satisfied the 16(b) standard for diligence.

Even with diligence satisfied though, the Defendants make it clear that Plaintiff cannot meet Rule 15(a)(2)'s standard for amending pleadings. According to Rule 15(a)(2), "a party may amend its pleading [after the time for amendments as a matter of course] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should deny a motion to amend only if "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). The Court finds that the three requested amendments against Defendant St. Mary's and Defendant Watkins would be futile if permitted.

Defendant St. Mary's asserts various reasons why Plaintiff's amendment for negligence under an agency theory would be futile, and Plaintiff did not respond to any of these arguments. The Court agrees with Defendant St. Mary's that allowing the amendment to assert negligence for actions taken by the ED Group would fail to state a claim because the ED Group is independent

from the hospital. According to West Virginia law, "[a] health care provider may not be held vicariously liable for the acts of a nonemployee pursuant to a theory of ostensible agency unless the alleged agent does not maintain professional liability insurance …." W. Va. Code § 55-7B-9(g). Defendant St. Mary's details that the ED Group is an independent staffing group—outside of the control of Defendant St. Mary's—and has its own professional liability coverage. *Def. St. Mary's Resp. in Opp.*, ECF No. 258, at 17. In *Cunningham v. Herbert J. Thomas Memorial Hospital*, the Supreme Court of Appeals of West Virginia determined that a hospital could not be held vicariously liable for the actions of independent physicians. 737 S.E.2d 270, 277-81 (W. Va. 2012). The contract between Defendant St. Mary's and Premier Health Care Services, Inc. (the entity supplying people for the ED Group) demonstrates that the ED Group is similarly situated to the independent group of physicians in *Cunningham*. *See Exh. N*, ECF No. 258-14. Therefore, an additional negligence claim based on agency over the ED Group would be futile. Moreover, Plaintiff offered no explanation as to how she could maintain another claim against Defendant St. Mary's without following the prerequisite notice requirements in West Virginia Code § 55-7B-6. For these reasons, the Court finds that an additional negligence claim based on agency would be futile.

Regarding Defendant Watkins, Plaintiff seeks to add factual allegations to the false imprisonment claim and an additional claim for fraud. However, this Court dismissed the claim for false imprisonment against Defendant Watkins in a previous Order and will not allow Plaintiff to make another attempt to assert the same allegations. *See Mem. Op. & Order*, ECF No. 103, at 9. Moreover, as stated in that Order, the Court has recognized that Defendant Watkins falls under the immunity for personal tort liability afforded to employees of political subdivisions. *See id.* at 8-9. At that time, this Court stated that "the described conduct of … Patrick Watkins cannot be

classified as anything but allegedly negligent." *Id.* at 9. Plaintiff's request to include additional factual allegations against Defendant Watkins does not transform his alleged negligence into willful or wanton misconduct to remove immunity. *See* W. Va. Code § 24-6-8 ("A public agency or a telephone company participating in an emergency telephone system or … employee of the public agency, telephone company or county is not liable for damages in a civil action for injuries, death or loss to persons or property arising from any act or omission, *except willful or wanton misconduct* ….") (emphasis added). Although Plaintiff uses the phrase "willful and wanton" to describe Defendant Watkins's actions, the Court does not find the new factual allegations to rise to that level. At most, Defendant Watkins's conduct was reckless, but that still falls under immunity protection. As the Court finds that Plaintiff's additional factual assertions do not raise Defendant Watkins's conduct to a level of willful or wanton misconduct, a claim for fraud must fail. Accordingly, an amendment to include these allegations would be futile.

In sum, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Amend (ECF No. 255), allowing only the dismissal of Ted Grant as a defendant. Plaintiff's requested amendments against Defendant St. Mary's and Defendant Watkins cannot meet the standards of Federal Rule 15(a)(2) and are **DENIED** as futile.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 20, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE