IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**LUMUMBA EARLE,** individually and
as the Personal Representative of the
**ESTATE OF ANNIE EARLE,** deceased,

      **Plaintiff,**

              Civil Action No.: 3:14-cv-29536

v.

**CITY OF HUNTINGTON,** d/b/a
**CITY OF HUNTINGTON POLICE DEPARTMENT,**
a municipal corporation, **JOSH NIELD,** individually
and in his official capacity, **ST. MARY'S MEDICAL
CENTER, INC.,** d/b/a **ST. MARY'S MEDICAL CENTER,**
**TAMMY PEYTON,** individually and in her official capacity,
**TARA RAMSEY,** individually and in her official capacity,
**BOBBI ADAMS,** individually and in her official capacity,
**MELISSA BLAGG,** individually and in her official capacity,
**ANDREA HEATH,** individually and in her official capacity,
**CABELL COUNTY 911, CABELL COUNTY COMMISSION,**
**TED GRANT,** individually and in his official capacity,
**PATRICK WATKINS,** individually and in his official capacity,

      **Defendants.**

**DEFENDANTS, CITY OF HUNTINGTON AND JOSH NIELD'S, MOTION *IN
LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY OR REFERENCE TO
PRIOR USE OF FORCE REPORTS**

  **COME NOW** the Defendants, City of Huntington d/b/a City of Huntington Police Department and Officer Josh Nield, individually and in his official capacity, by and through legal counsel, Steven K. Nord, Esq., Ryan Q. Ashworth, Esq., and the law firm of Offutt Nord Burchett, PLLC, and respectfully move this Honorable Court, *in Limine,* pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, for an Order precluding the Plaintiff from introducing evidence,

1

testimony, or reference to other use of force reports as evidence of use of force in this case. In support of this Motion, your Defendants state the following:

1. This is a nuanced motion. In the event that Defendant City of Huntington remains a Defendant for purposes of municipal liability, Defendant reserves the right to modify the relief sought to include the request for an instruction that the evidence not be considered for purposes of finding excessive force in this case. Alternatively, in the event that the City is dismissed by way of dispositive motion, counsel seeks the wholesale exclusion of this evidence for the reasons stated below.

2. In *Tanberg v. Sholtis,* 401 F.3d 1151 (2005), the plaintiffs sought to admit evidence that the defendant officer used excessive force or illegally seized suspects in three unrelated cases. See 401 F. 3d at 1167. The plaintiffs contended that evidence of the officer's other acts of misconduct was "relevant under Fed. R. Evid. 404(b) to show intent and absence of mistake as well as 'consciousness and state of mind.'" 401 F. 3d at 1164.

3. In response, the Court stated: "Because Plaintiffs' federal claim for excessive force requires assessment of [the officer's] conduct under an objective standard, Plaintiffs have failed to establish the relevance of evidence tending to shed light on aspects of [the officer's] mental state to this claim." 401 F. 3d at 1167–68 (*citing Graham v. Connor,* 490 U.S. at 397, 109 S.Ct. 1865).

4. In *Kampa v. City of Albuquerque,* No. CIV 96–1572 LFG/DJS (D.N.M.), the Court explained the problem created by allowing the introduction of unrelated use of force incidents— in that case, other police shootings—into evidence:

> The danger relating to the introduction of this evidence is apparent. A fact finder may inappropriately conclude that a person is culpable, not because he committed the act in question, but rather, because he is a bad person, or because at some other time, he committed some other bad act. Clearly, the Supreme Court and the Tenth Circuit's focus on objective reasonableness requires the fact finder to look at the conduct in question and, based on that, determine whether a violation of the [decedent's] constitutional rights occurred.

*Kampa v. City of Albuquerque,* No. CIV 96–1572 LFG/DJS, Memorandum Opinion and Order at 4 (D.N.M., filed March 9, 1998) (Doc. 138).

5. A number of circuit courts agree that a police officer's use of force in a factually unrelated incident is improper rule 404(b) evidence. See *Treece v. Hochstetler,* 213 F.3d 360, 363–64 (7th Cir.2000) (holding that, in a § 1983 suit alleging a police officer demanded a bribe in exchange for dropping charges against the plaintiff's husband, the officer's prior "bad acts" were insufficient to show modus operandi), cert. denied, 531 U.S. 957, 121 S.Ct. 381, 148 L.Ed.2d 294 (2000); *Gates v. Rivera,* 993 F.2d 697, 700 (9th Cir.1993) (holding that, in a § 1983 excessive force case, the district court erred in allowing the defendant police officer to testify that, in his sixteen-and-one-half years as a police officer, he never shot anyone); *Hopson v. Fredericksen,* 961 F.2d 1374, 1379 (8th Cir.1992) ("[S]howing a proclivity to engage in conduct is the same as showing a propensity to engage in conduct and both are prohibited by [rule 404(b)]."); *Morgan v. City of Marmaduke, Arkansas,* 958

3

F.2d 207, 211 (8th Cir.1992) (noting that "issues of motive and intent are essentially irrelevant in an excessive force case as the test is an objective one"); *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir.1991) (stating that prior complaints against police offered to show an aggravated state of mind was improper character evidence); *Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir.1989) (holding that the district court properly excluded testimony of inmate regarding the callous indifference by prison official toward the protection of inmates because, among other reasons, it did not fit within a rule 404(b) exception).

6.  In the present case, evidence of prior or other use of force reports is not relevant to prove that Officer Nield used excessive force in this case. Such evidence would be inadmissible under Rules 401, 402, 403 and 404 of the Federal Rules of Evidence. Moreover, as the objective reasonableness standard is just that, an objective standard, evidence submitted in an attempt to speak to the Defendant's subjective disposition has no relevance to this case.

**WHEREFORE,** Defendants, City of Huntington and Josh Nield, respectfully request an Order *in Limine* precluding the Plaintiff from introducing evidence, testimony, or reference to other use of force reports as evidence of use of excessive force in this case as well as any and all further relief as this Court deems fair and equitable.

**CITY OF HUNTINGTON AND JOSH NIELD,**
**BY COUNSEL**

/s/ Ryan Q. Ashworth
Steven K. Nord, Esquire (WV Bar #2748)
Ryan Q. Ashworth, Esquire (WV Bar #10451)
**OFFUTT NORD BURCHETT, PLLC**
949 Third Avenue, Suite 300
Post Office Box 2868
Huntington, West Virginia   25728-2868

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

LUMUMBA EARLE, individually and
as the Personal Representative of the
ESTATE OF ANNIE EARLE, deceased,

                    Plaintiff,

v.                                        Civil Action No.: 3:14-cv-29536

CITY OF HUNTINGTON, d/b/a
CITY OF HUNTINGTON POLICE DEPARTMENT,
a municipal corporation, JOSH NIELD, individually
and in his official capacity, ST. MARY'S MEDICAL
CENTER, INC., d/b/a ST. MARY'S MEDICAL CENTER,
TAMMY PEYTON, individually and in her official capacity,
TARA RAMSEY, individually and in her official capacity,
BOBBI ADAMS, individually and in her official capacity,
MELISSA BLAGG, individually and in her official capacity,
ANDREA HEATH, individually and in her official capacity,
CABELL COUNTY 911, CABELL COUNTY COMMISSION,
TED GRANT, individually and in his official capacity,
PATRICK WATKINS, individually and in his official capacity,

                    Defendants.

## CERTIFICATE OF SERVICE

    The undersigned, counsel for the Defendants, City of Huntington and Josh Nield, certifies that the foregoing "**DEFENDANTS, CITY OF HUNTINGTON AND JOSH NIELD'S, MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY OR REFERENCE TO PRIOR USE OF FORCE REPORTS,**" was served upon counsel of record, via electronic filing this 14th day of July, 2017:

                    Robert M. Sellards, Esquire
                    Alexander L. Turner, Esquire
                    J. Lauren H. Savory, Esquire
                    Nelson Mullins Riley & Scarborough, LLP
                    PO Box 1856
                    Huntington, WV 25719-1856
                    *Counsel for St. Mary's Medical Center, Inc., d/b/a St,*
                    *Mary's Medical Center; Peyton, Ramsey, Adams, Blagg,*
                    *and Heath*

Richard W. Weston, Esquire
Connor Robertson, Esquire
Weston Law Office
337 Fifth Avenue
Huntington, WV 25701
*Counsel for the Plaintiff*

Clifford Paskel, Esquire
Paskel, Tashman & Walker, PC
24445 Northwestern Hwy, Suite 102
Southfield, MI 48075
*Counsel for the Plaintiff*


/s Ryan Q. Ashworth
Steven K. Nord, Esquire (WV Bar #2748)
Ryan Q. Ashworth, Esquire (WV Bar #10451)