IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**LUMUMBA EARLE,** individually and
as the Personal Representative of the
**ESTATE OF ANNIE EARLE,** deceased,

**Plaintiff,**

v.                                         Civil Action No.: 3:14-cv-29536

**JOSH NIELD, et al.,**

**Defendants.**

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT, PURSUANT TO WEST VIRGINIA CODE § 55-7-6

On November 14, 2017, came the Plaintiff, Lumumba Earle, individually, and as the Personal Representative of the Estate of Annie Earle, by counsel, Richard W. Weston, Defendant, Josh Nield, in all capacities, by counsel, Steven K. Nord, and Cabell County 911, Cabell County Commission, Ted Grant and Patrick Watkins (Hereinafter, Cabell County Defendants), by counsel, Lee Murray Hall, pursuant to West Virginia Code §55-7-6 and the "Motion for Court Approval of Wrongful Death Settlement" filed herein by Plaintiff. Also appearing were the Defendants to whom Summary Judgment had previously been granted, St. Mary's Medical Center, Inc., Tammy Peyton, Tara Ramsey, Bobbi Adams, Melissa Blagg and Andrea Heath, by their counsel, Alex Turner, and the City of Huntington, by counsel, Steven K. Nord.

The terms of the proposed settlement were presented as follows:

1. Defendant, Cabell County Defendants, to pay the Estate of Annie Earle, the amount of Thirty-Five Thousand Dollars ($35,000.00), in exchange for a full and complete release and dismissal, with prejudice; and,

2. Defendant, Josh Nield, in all capacities, to pay the Estate of Annie Earle, the amount of Three Hundred Thirty-Seven Thousand, Five Hundred Dollars ($337,500.00), in exchange for a full and complete release and dismissal, with prejudice.

    The proposed distribution is as follows:

1. Gross amount of settlement:      $372,500.00
2. Total combined legal fees to Weston/Robertson and Paskel, Tashman & Walker, P.C.:      $124,166.54
3. Total combined expenses to Weston/Robertson and Paskel, Tashman & Walker, P.C.:      $55,532.92
4. Balance of proceeds to be divided equally among seven (7) children of decedent, Annie Earle:      $192,800.54

After the Court reviewed the Motion and discussed the proposed settlement with counsel for the parties, the Plaintiff presented evidence concerning the settlement. Lumumba Earle, Personal Representative of the Estate of Annie Earle, Deceased, was called as the witness on behalf of the Estate. He testified as follows:

1. He is the son of Annie Earle and was the duly appointed and authorized Personal Representative of the Estate of Annie Earle.

2. Annie Earle, deceased, had six children including one son, Lumumba Earle, and six daughters Marsha Earle, Stephanie Earle, Henrietta Earle, Joyce Earle, Billie Earle and Angela Earle. All children were served, by Certified mail, with Notice of the terms of the settlement, the proposed distributions, and the Hearing date, time and location.

3. Annie Earle, deceased, at the time of her death, had two living siblings, Jimmy Saltmarshall and Joseph Saltmarshall, both of whom were properly served by Certified Mail, with Notice of the terms of the settlement, the proposed distributions and the Hearing date, time and location. Both siblings executed consents to the settlement which were entered into evidence at the Hearing.

4. Four of the aforementioned daughters of Annie Earle, deceased, Marsha Earle, Stephanie Earle, Henrietta Earle, and Angela Earle, appeared in person at the Hearing. When addressed by the Court, all four indicated that they consented to the proposed settlement.

5. Two daughters, Billie Earle and Joyce Earle, did not appear at the Hearing and had not, in advance, provided any written consent to the settlement, although Lumumba Earle testified that he had spoken to them and that they both verbally consented to the settlement.

6. While testifying under oath, Lumumba Earle, Personal Representative for the Estate of Annie Earle, deceased, asked the Court to approve the terms of the settlement, as previously described herein, and requested that he be given

authority by the Court, to execute releases to the Defendants and to dismiss this case, in its entirety, with prejudice.

Thereupon, the Court instructed the Plaintiff to obtain written "Consent to Settlement for Lawsuit claims" from Billie Earle and Joyce Earle, daughters of the decedent, neither of whom appeared at the Hearing or returned executed consents prior to the Hearing. The Court then indicated that upon obtaining the formal consents to settle from daughters, Billie Earle and Joyce Earle, the settlement would be approved. Subsequently, the Written Consents to Settle by Billie Earle and Joyce Earle were obtained by the Plaintiff and filed herein.

The Court, having determined that the requirements of West Virginia Code §55-7-6 have been met and that the Personal Representative of the Estate of Annie Earle and the seven children of Annie Earle, deceased, have requested that the Court approve the proposed settlement as stated herein, hereby Orders that the terms of the settlement as outlined in the "Motion for Court Approval of Wrongful Death Settlement" is Granted. The settlement, as described herein, is approved and Lumumba Earle, as the Personal Representative of the Estate of Annie Earle, shall have full authority to execute all relevant settlement documents and to dismiss the Defendant and this case, with prejudice. As such, the Court further Orders that the disbursement of the settlement proceeds, in the total amount of $372, 500.00, shall be made, as follows:

1. Total combined legal fees to Weston/Robertson
   and Paskel, Tasman & Walker, P.C.;                              $124,166.54

2. Total combined expenses to Weston/Robertson
   and Paskel Tashman & Walker, P.C. and,                          $55,532.92

3. Balance of proceeds to be divided equally
   amongst seven (7) children of decedent, Annie Earle             $192,800.54

   Total Settlement Amount:                                        $372,500.00

Finally, it is ORDERED that this case is dismissed, in its entirety, with prejudice, each party to pay its own costs and expenses. This is a final appealable order.

Enter: This 16th day of January, 2018.

_____        1/16/18
Honorable Robert C. Chambers            Date
United States District Judge


/s/ Steven K. Nord, Esquire
Steven K. Nord, Esquire (WV Bar #2748)
Ryan Q. Ashworth, Esquire (WV Bar #10451)
Offutt Nord Ashworth, PLLC
949 Third Avenue, Suite 300
Post Office Box 2868
Huntington, West Virginia   25728-2868
*Counsel for Defendant, Josh Nield, in all Capacities*


/s/ Richard W. Weston, Esquire
Richard W. Weston, Esquire (WV Bar #9734)
Connor Robertson, Esquire
Weston Robertson
337 Fifth Avenue
Huntington, WV 25701
*Counsel for the Plaintiff*

Clifford Paskel, Esquire
Paskel, Tashman & Walker, PC
24445 Northwestern Hwy, Suite 102
Southfield, MI 48075
*Counsel for the Plaintiff*


/s/ Lee Murray Hall, Esquire
Lee Murray Hall, Esquire (WV Bar #6447)
Nathanial A. Kuratomi, Esquire (WV Bar #10328)
Jenkins Fenstermaker, PLLC
Post Office Box 2688
Huntington, WV 25726-2688
*Counsel for Defendants, Cabell County 911, Cabell County Commission, Ted Grant, and Patrick Watkins*